EMMA KOCH, TRADING AS J. C. KOCH, PLAINTIFF, DE-
FENDANT IN ERROR, v. BAMFORD BROTHERS SILK
MANUFACTURING COMPANY, A BODY CORPORATE,
DEFENDANT, PLAINTIFF IN ERROR.

Submitted March 24, 1903—Decided June 15, 1903.

1. Plaintiff, doing business in Germany, had furnished the defendant
corporation certain heddles, articles used in weaving silk. The
last lot furnished consisted of one hundred thousand heddles. By
letter defendant notified plaintiff that it had paid to plaintiff's
bankers the price of that lot, and ordered plaintiff to make and
ship to it one million heddles, in lots of one hundred thousand as
made. By the same letter defendant notified plaintiff of certain
defects in the lot last received, and requested plaintiff to avoid
such defects in the next lot made. By reply letters plaintiff
accepted the order for the one million heddles at the price of
$1.25 per thousand. By a subsequent letter plaintiff requested
defendant to furnish samples of heddles such as desired. After
that letter would have been received by defendant, in the usual
course of mail, defendant telegraphed plaintiff, "Make same as
last." *Held*, that the contract between the parties was properly
construed as only binding the plaintiff to furnish heddles, under
the order, of the character and quality of the lot of one hundred
thousand last furnished, and that it did not oblige plaintiff to
furnish heddles that were perfect, or heddles that were satisfac-
tory to the defendant, or heddles that were adapted to the use for
which defendant wanted them.

2. The one million heddles were made and shipped by plaintiff to
defendant in eight lots; three of them were received and used by
defendant; the remaining five were rejected. The trial judge
charged that, if the whole of the shipments were proved to be of
the character and quality required by the contract, the plaintiff
was entitled to recover the price of all of them. He further
charged that, if the shipments were not of the character and
quality required, plaintiff could not recover for the last five lots
shipped, but might recover the price of the three lots received
and used by defendant, less a reasonable deduction because of
defects. An assignment of error, based on an exception to the
instruction respecting the three lots, is presented in argument as
ground for reversal, and it is contended that the trial judge erred
in not submitting to the jury the question whether the three lots
had been accepted by defendant so as to bind it to pay for them.
*Held*, that this contention will not be considered, because the jury
having found that all the heddles furnished were such as required
by the contract, the error in the instruction (if it was erroneous)
was innocuous, and afforded no ground for reversal.

On error to the Supreme Court.

For the plaintiff in error, *Wayne Dumont.*

For the defendant in error, *William I. Lewis.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The assignments of error in this case are confined to four exceptions to as many portions of the charge of the trial judge to the jury.

The record and the evidence contained in the bill of exceptions disclose that the action was brought by the plaintiff, doing business at Hohenlimburg, in Germany, to recover the price of one million heddles (an article used in the weaving of silk), ordered by defendant to be made and shipped to it, and that the defence was that the heddles shipped by plaintiff under the order were not such as were required by the order, and that defendant was not liable to pay for them for that reason.

The first exception was to the following excerpt from the judge's charge: "The contract, so far as the present purposes are concerned, was expressed in a telegram, which was sent by the defendant to the plaintiff in September, 1895. That telegram was: 'Send same as last.' "

It is obvious that the trial judge did not intend to be, and could not be, understood as charging that the contract between the parties was wholly expressed by the four words of the telegram mentioned. The evidence had disclosed that on December 10th, 1894, the defendant had ordered of plaintiff one hundred thousand heddles, which had been forwarded to and received by the defendant. By a letter from defendant to plaintiff, dated August 7th, 1895, defendant informed plaintiff of a payment to the bankers of the plaintiff for the one hundred thousand heddles received by it, and therein also directed plaintiff to make one million heddles and forward the same to the defendant in one hundred thousand lots as made. This order contained this language: "The last lot received are a little rough at the eyes and different parts of the heddles.

Please avoid this in the next lot you make." Letters from plaintiff to defendant, bearing date August 21st, August 24th and August 30th, 1895, acknowledge the receipt of the order for one million heddles and inform defendant that it will be filled. One of these letters fixes the price of the heddles at $1.25 per thousand. On September 6th, 1895, plaintiff sent to defendant a letter containing the following language: "To avoid any inaccuracy in the making of the heddles you recently ordered, I enclose two samples, which please examine and return as soon as possible. Should these patterns be in any way incorrect, kindly send us one of those you are now using as soon as ever possible."

After the time at which that letter would have been received by defendant in the usual course of the mail, on September 25th, 1895, defendant sent to plaintiff a telegram containing these words: "Make same as last." All the heddles ordered were made and shipped to defendant in eight lots; three of these were received by defendant, opened and used, and the remaining five lots were rejected by defendant without inspection or examination. The first information of the dissatisfaction of defendant with the heddles sent by plaintiff was obtained from a letter under the date of February 6th, 1895, which was after the last shipment. By that letter, defendant declared that it must stop receiving any more heddles from plaintiff, because made imperfectly and because they stained the light-colored ribbons in the weaving.

From this evidence, the contract between the parties is plainly to be found in the order contained in the letter of August 7th, 1895, and the acceptance of the order at a specified price contained in the letters of August 21st to August 30th; the request to be furnished with samples or patterns, contained in the letter of September 6th, 1895, and the direction of the telegram of September 20th, 1895. The contract thus discoverable was to be construed by the court. For the purpose of the trial, the term of the contract which stipulated for the character and quality of the heddles was undoubtedly fixed by the words of the telegram.

Nor is this exception capable of being supported upon the

misquotation of the telegram in the charge of the trial judge. The language was: "Make same as last." The trial judge quoted it as "Send same as last." Read with the rest of the charge, and with the evidence, this misquotation must have been wholly innocuous.

The second and third exceptions are addressed to portions of the charge, in which the trial judge, in construing the contract, declared that it did not oblige the plaintiff to furnish to the defendant perfect heddles or heddles satisfactory to the defendant, or heddles which would be adapted to the use for which defendant wanted them, but that the plaintiff's obligation was only to furnish heddles of the same character and quality as those heddles which were furnished by plaintiff to defendant under the preceding order for one hundred thousand.

It is impossible to discover any error in this construction of the contract, or in the instruction thereupon given to the jury by the trial judge. The telegram expressed the character and quality which the defendant required the ordered heddles to have. There was therefore no room for implication as to the fitness or adaptability for use. Both parties knew what had been the quality and character of the heddles previously ordered and received. The defendant had complained to plaintiff in respect to defects in them. When, therefore, without returning a sample, as requested by the plaintiff, defendant directed, by the telegram, the heddles ordered by the letters to be made the same as the last, it was content to take them if made with no other or greater defects.

The remaining exception is directed to a portion of the charge relating to the liability of defendant for the three cases or lots of heddles which it actually received and used. The judge had carefully pointed out to the jury that if they found that the million heddles shipped were of the same character and quality as the one hundred thousand previously shipped, the plaintiff was entitled to recover the specified price for all the heddles, whether accepted or not. The trial judge then proceeded to instruct them that if the heddles were not up to the standard required by the contract, the plaintiff

could not recover for the five lots rejected by the defendant, for the defendant would have been justified in such rejection. But as to the three lots actually received and used by defendant, he charged that plaintiff could recover the contract price, less such deduction as was reasonable because of the defects.

It is to that part of the charge that the exception is addressed, and the contention in support of it is that the trial judge thereby determined that the three lots had been accepted by the defendant, while he ought to have left the question of acceptance to the jury.

In view of the fact that the jury found that all the heddles ordered were up to the standard fixed by the contract, and therefore that defendant had no right to reject any of them, it would be superfluous to use time and labor to determine whether the charge erred in that respect or not.

Upon the verdict arrived at, the jury could not have considered the question of liability arising from the acceptance of the three lots in question, and any error in respect thereto would have been entirely innocuous.

No error being discovered, the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 13.

*For reversal*—None.