COMMERCIAL CREDIT COMPANY *vs.* M. McDONOUGH COMPANY.

Suffolk.   December 2, 7, 1920. — March 4, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Bills and Notes,* Holder in due course, Indorsement. *Practice, Civil,* Findings by trial judge, Exceptions, Requests for findings.

Where an action at law was heard by a judge without a jury and the judge finds generally for the plaintiff, such finding is conclusive if there was any evidence to support it.

A judge hearing an action at law without a jury is not bound to act upon requests for specific findings of fact.

The facts, that, upon the indorsement and delivery by the payee of a negotiable promissory note, the indorsee, on an order in writing by the payee directing him "to pay the proceeds of the discounting or purchase" to a third person, with the consent of such third person charges the amount thereof to the third person's credit in an account between the indorsee and the third person wherein the balance was in the indorsee's favor, constitute a consideration for the indorsement.

The fact, that an indorsee of a negotiable promissory note took title to the note with knowledge that it was given as a part of a conditional sale of a motor truck containing certain covenants, warranties and guaranties to be performed by the payee and indorser of the note, does not prevent the indorsee from being a holder in due course under G. L. c. 107, § 80, where it does not appear that at the time when he received the notes as indorsee he had notice or knowledge of a breach of any of such covenants, warranties or guaranties.

CONTRACT by the indorsee against the maker of twelve negotiable promissory notes, given in series as part of an agreement for

the conditional sale of a motor truck to the defendant by the payee of the notes, one Wayland L. Sturtevant. Writ dated February 28, 1919.

The defendant's answer, besides a general denial, was as follows: "And further answering the defendant says that the consideration for the notes on which suit is brought was the sale of a certain automobile truck sold by Sturtevant Motor Company to the defendant; that said truck was represented to be and the vendor agreed that said truck should be a good and well built truck suitable for use in the defendant's business; that after the receipt of the said truck by the defendant it was found to be imperfect and defective in material, continuance and model; so that the same was of no use to the defendant; that the vendors of said truck repeatedly promised to remodel said truck and replace the defective parts thereof, particularly the transmission and differential of the said truck, so that the same could be used by the defendant, but never did so, and the defendant has never been able to make use of the said truck, all of which the plaintiff had due knowledge and notice when it received and acquired the notes."

In the Superior Court the action was heard by *Hitchcock, J.,* without a jury.

It appeared that the plaintiff's place of business was in Baltimore in the State of Maryland, that the notes were indorsed and delivered by the payee to the plaintiff and were accompanied with an assignment, which was dated September 14, 1917, of the conditional sale agreement which bore that same date and an order by the payee to the plaintiff "to pay to C. W. Moody the proceeds of the discounting or purchase . . . of notes, conditional sale agreement. . . ."

The conditional sale agreement was dated September 14, 1917, and contained the following provision:

"Buyer agrees the Car is subject only to Manufacturer's usual warranty, and the loss, injury or destruction of said Car shall not release said Buyer from payment as provided herein."

The "Manufacturer's usual warranty" was in the following terms: "We warrant the motor vehicles manufactured by us for ninety days after the date of shipment, this warranty being limited to the furnishing at our factory of such parts of the motor

vehicle as shall, under normal use and service, appear to us to have been defective in material or workmanship.

"This warranty does not cover labor and is limited to the shipment to the purchaser, without charge except for transportation, of the part or parts intended to replace the part or parts claimed to have been defective, and which, upon their return to us at our factory for inspection, we shall have determined were defective, and provided the transportation charges for the parts so returned have been prepaid.

"We make no warranty whatever in respect to tires, rims, ignition, electrical apparatus or accessories.

"The condition of this warranty is such that if the motor vehicle to which it applies is altered or repaired outside of our factory, our liability under this warranty shall cease.

"The purchaser understands and agrees that no warranty of the vehicle is made, or authorized to be made by the company, other than that herein above set forth."

The conditional sale agreement also was accompanied with the following "Guarantee of Gramm-Bernstein Motor Truck," dated August 16, 1917, and bearing the chassis number of the truck sold to the defendant by Sturtevant: "We warrant this Motor Truck to be free from defects in material and workmanship, this warranty being limited to making good at our factory any part or parts thereof which shall be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective, for a period of (1) year from this date. This warranty shall not apply to any truck which shall have been repaired or altered outside of our factory in any way, so as, in our judgment, to affect its stability or reliability, nor to any truck which has been the subject of either misuse, overloading, overspeeding, negligent operation or accident. We make no warranty, whatever, in respect to tires, rims, ignition apparatus, lamps, generators, or batteries, as they are warranted separately by their respective manufacturers. The transmission, the radiator, and all springs are guaranteed for the life of the truck. The foregoing obligation to make good any defective parts returned as herein provided is in lieu of all other warranties expressed or implied, and of all other obligations or liabilities on our part, and we neither assume nor

authorize any other liability in connection with the sale of our motor trucks.

The Gramm-Bernstein Motor Truck Company

Gramm,

President.

Corliss, Macy and Co., Inc., New York."

It appeared that the plaintiff notified the defendant by a letter dated September 25, 1917, of its purchase of the notes, and that the defendant wrote to an office of Gramm-Bernstein Corporation in the city of New York by a letter dated September 24, 1917, complaining of delay in delivery of parts for repairs. The defendant paid notes falling due in October, November and December, 1917, and January, February and March, 1918, and in April notified the plaintiff that it would not "pay any more money on the Gramm-Bernstein truck that we bought from the Sturtevant Motor Co. of Boston as it is absolutely impossible for us to get any answers to our requests for parts that are due us on the contract."

Other material evidence is described in the opinion. At the close of the evidence, the defendant filed the following, entitled, "Request for Rulings:"

"1. The plaintiff at the time when it took the notes sued on, knew that consideration for them was a truck sold on conditional sale to the defendant.

"2. The sale of the truck, the giving notes by the defendant, and the receipt of them by the plaintiff were all part of one transaction.

"3. The plaintiff at the time of the transaction in suit was engaged in the business of paying for trucks bought of the manufacturer and sold through agents to purchasers.

"4. The plaintiff furnished the money to pay to the manufacturer for the truck sold to the defendant.

"5. The plaintiff at the time it took the notes sued upon knew all the circumstances of the trade for the truck and had notice of possible failure of consideration and breach of warranty.

"6. The plaintiff was a party to the transaction by which the truck was sold to the defendant and is bound by the terms of the agreement of sale and affected by any breach thereof or by failure of consideration.

"7. The plaintiff is not a *bona fide* holder for value of the notes sued upon.

"8. The plaintiff was the real principal in the transaction in question and Sturtevant was but its agent.

"9. The plaintiff was at most Sturtevant's undisclosed principal and its real connection with the transaction was known to the defendant at the time it signed the notes.

"10. Sturtevant was but a figure-head in the transaction with the defendant employed as a convenience by the real party in interest, the plaintiff.

"11. On all the evidence there was a complete failure of consideration for the notes.

"12. On all the evidence the plaintiff was not a holder in due course.

"13. On all the evidence the plaintiff cannot recover.

"14. Failure of consideration is a valid defence against the plaintiff in this action."

The defendant also asked for the following "Additional Ruling:"

"If the plaintiff received the notes with request to pay the proceeds to Moody and without agreement with Moody credited proceeds to Moody's prior debt, it does not make the plaintiff a holder in due course."

The trial judge "refused the defendant's rulings, other than the first," and found for the plaintiff; and the defendant alleged exceptions, which, after the death of *Hitchcock*, J., were allowed by *Fox*, J.

*G. L. Dillaway*, (*M. M. Dillaway* with him,) for the defendant.

*Lee M. Friedman*, for the plaintiff.

DE COURCY, J. The defendant bought a Gramm-Bernstein motor truck from Wayland L. Sturtevant, a Boston dealer, on a conditional sales agreement. The purchase price was $5,936; of which $2,500 was paid in cash, and the balance was payable in monthly instalments of $200 each, represented by promissory notes. Sturtevant indorsed the notes and assigned the sales agreement to the plaintiff, a banking concern which did an extensive business in automobile financing with dealers. The plaintiff, by letter dated September 25, 1917, notified the defendant that it had purchased the notes. The defendant paid those matur-

ing each month until April, 1918, when it refused to make further payments. This action was brought to recover on the unpaid twelve notes, which had become due and payable by the terms of the agreement. The judge of the Superior Court, sitting without a jury, found for the plaintiff for the full amount of its claim.

The judge's general finding is conclusive if there was any evidence to support it. *Bill* v. *Stewart*, 156 Mass. 508. *Bailey* v. *Marden*, 193 Mass. 277. He was not bound to make specific findings of fact, as requested in the defendant's so called "request for rulings," numbered 2, 3, 4, 5, 6, 8, 9 and 10. *Puffer Manuf. Co.* v. *Yeager*, 230 Mass. 557, 563.

We cannot say that the judge erred in refusing to rule (request 12) that "On all the evidence the plaintiff was not a holder in due course." The first two requisites, namely, that the notes were complete and regular upon their face, and that the plaintiff became the holder thereof before they were overdue, were not in controversy. The third element is, that the plaintiff took the notes "in good faith and for value." R. L. c. 73, § 69. The good faith was not questioned. And there was ample evidence of consideration in the payment of the proceeds of the notes, by the express authority of Sturtevant, to C. W. Moody, who was distributor for the Gramm-Bernstein company in New England. Moody applied this on his indebtedness to the plaintiff arising out of a certain other transaction, and thereby secured a renewal of his notes amounting to some $60,000, due to the plaintiff. That is sufficient consideration to make the plaintiff a holder for value. *Fulton National Bank* v. *Gosline*, 168 Mass. 86. *Montrose Savings Bank* v. *Claussen*, 137 Iowa, 73. *Mechanics Bank* v. *Chardavoyne*, 40 Vroom, 256, 261. *Wallabout Bank* v. *Peyton*, 123 App. Div. (N. Y.) 727. *National Bank of Commerce* v. *Armbruster*, 42 Okla. 656. The assumption, in the "additional ruling requested," that this application of the proceeds of the defendant's notes was "without agreement with Moody" (assuming that the defendant can raise this point), is negatived by the fact that Moody paid in cash the difference between these proceeds ($2,647.20) and the $5,000 then payable by him to the plaintiff.

The fourth requirement to make the plaintiff a holder in due course is, that at the time the notes were negotiated, it "had no

notice of any infirmity in the instrument or defect in the title of the person negotiating it." The only "infirmity" or "defect" suggested by the defendant is that as the notes were accompanied with the sales agreement, the plaintiff took title to the notes subject to any claim the defendant has under that agreement. The only present or prospective claim of the defendant that was brought to the attention of the plaintiff was the "Manufacturer's usual warranty," referred to in the sales agreement. That was limited to "furnishing at our factory of such parts of the motor vehicle as shall, under normal use and service, appear to us to have been defective in material or workmanship." No notice of any breach of this "warranty" was ever given to the plaintiff. The broader special warranty which Sturtevant gave the defendant never was called to its attention. While the plaintiff bought the notes September 25, 1917, it was not until April 12, 1918, and after several of the notes had been paid, that the defendant made any complaint whatever to the Commercial Credit Company. The fact that the plaintiff took the notes with notice of the executory agreement in said sales contract does not prevent it from being a holder in due course unless it also had notice of the breach of that agreement. *Piedmont Carolina Railway* v. *Shaw,* 223 Fed. Rep. 973. *Hakes* v. *Thayer,* 165 Mich. 476. *Baker State Bank* v. *Grant,* 54 Mont. 7. *McNight* v. *Parsons,* 136 Iowa, 390. *Citizens Bank & Trust Co.* v. *Limpright,* 93 Wash. 361.

The judge was warranted in finding that the plaintiff was a holder in due course. Accordingly it held the notes "free from defences available to prior parties among themselves." R. L. c. 73, § 74. G. L. c. 107, § 80. It is unnecessary to consider what remedy the defendant may have against Sturtevant or the Gramm-Bernstein Motor Truck Company, for breach of warranty or failure of consideration.

*Exceptions overruled.*