WILLIAM MANN *vs.* EASTERN SUGAR AND PRODUCTS COMPANY.

Suffolk.    November 20, 1922. — February 27, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* Construction, Performance and breach. *Practice, Civil,* Requests for findings, Exceptions. *Custom.*

A judge, hearing an action without a jury, is not required to grant a request for a specific finding of fact.

At the hearing by a judge without a jury of an action for alleged breach of a contract in writing whereby the defendant agreed to accept and pay for sugar, it

appeared that by the contract the sugar was to be delivered "ex dock or ex store New York, Seller's Option.    No arrival no sale.    Shipment to be made approximately as follows: . . . 50 tons July Seller's Option from Island of Java. Payment to be made by net cash upon presentation of delivery order . . . Should any unforeseen circumstances such as accidents, stress of weather, etc., prevent the steamer or steamers hereafter declared, against this contract from clearing within the time specified above, and the sellers or their Agents be unable to supply other tonnage of equal character and capacity, the buyer has the option of cancelling such portion of this contract, as has not cleared within the time specified above or taking the Sugar for later shipment without claiming damages and their decision is to be given immediately on advice from sellers that delay has occurred."    On September 3, the plaintiff wrote the defendant that the sugar had been shipped from Java in July by a steamer named, stating, "This information is given with the usual reservation for possible errors and corrections."    On September 28, the defendant learned that the designated steamer had not cleared until August 14, wrote the plaintiff that it would not arrive in time, and that therefore he cancelled the order.    The plaintiff then offered to deliver to the defendant sugar of the requisite quality and quantity from a steamer which had sailed from Java in July and then was docking in New York, and made tender accordingly.    The tender was refused.    There was conflicting evidence on the question whether, when the tender was made, a normal time for delivery at New York of a July shipment of Java sugar had expired.    *Held,* that

(1) Neither by the express provisions of the contract, nor by inference therefrom, was the plaintiff required to be the shipper of the sugar, but he might perform the contract by a purchase from another and tender of sugar of the requisite quantity and quality;

(2) The defendant was not entitled to notification from the plaintiff of the time of clearing from Java of a steamer bringing the sugar;

(3) The evidence warranted a finding that the plaintiff upon sufficient information seasonably notified the defendant that a steamer which had cleared from Java in July with the designated sugar on board had arrived in New York; and such notification was a sufficient declaration to comply with the contract;

(4) A custom in the import trade, under contracts of the form above described, for the seller to give to the buyer the name of the steamer in which shipment was made when such information was received from the port of shipment either by cable, letter or on the invoice, and that it frequently occurred that the seller did not know the name of the vessel until after its arrival, in which case he then gave the name to the buyer either by letter or on the invoice and delivery order when presented with the draft, if applicable to the circumstances of this action, could not be said to be unreasonable, contrary to, or in conflict with the contract in the case at bar;

(5) The circumstance that the defendant made a contract for the sale of sugar for delivery in September, of which the plaintiff had no knowledge, could not affect the rights and obligations of the parties under the contract in question;

(6) The tender by the plaintiff was sufficient and it could have been found that, when it was made, the normal time for delivery at New York of a July shipment of Java sugar had not expired;

(7) Even if the plaintiff's letter of September 3 could be construed as a tender, which was not decided, and it was ineffectual by reason of error or mistake, the

subsequent tender by the plaintiff having been made seasonably and being valid, the refusal by the defendant to accept and pay for the sugar was not justified;

(8) It not appearing that all the evidence was reported, it could not be said that the judge's findings were unwarranted.

CONTRACT for damages alleged to have resulted to the plaintiff by reason of the defendant refusing to accept and pay for a part of the sugar described in the contract set out below. Writ dated October 11, 1920.

The defendant claimed in set-off $5,000 deposited by it in lieu of the letter of credit called for by the contract.

The contract in writing, which was signed by the plaintiff and accepted in writing by the defendant, was as follows:

"Boston, Mass., April 29th, 1920.

"This is to confirm sale made by Wm. Mann, Boston, Mass., to The Eastern Sugar & Products Co., Boston, Mass.

"About one hundred tons (100) of 2,240 lbs. each White Java Sugar, packed in bags of about two (2) cwt. each. Sound packages only to be delivered.

"At twenty-two and fifty hundredths (22.50) cents duty paid ex dock or ex store New York, Seller's Option. No arrival no sale.

"Net landed weights to govern. Adjustment on final weights.

"Shipment to be made approximately as follows: —

50 tons April/May     Seller's Option
50 tons July          "          "

from the Island of Java.

"Payment to be made by net cash upon presentation of delivery order or warehouse receipt against irrevocable letter of credit to be opened by buyer immediately with some Boston Bank in favor of Wm. Mann for the full amount of the Invoice. Free from claims for non-delivery caused by 'force Majeure,' fire, explosion, strikes, or by any contingencies beyond control of sellers, preventing the shipment of [or?] delivery of the goods.

"Should any unforeseen circumstances such as accidents, stress of weather, etc., prevent the steamer or steamers hereafter declared, against this contract from clearing within the time specified above, and the sellers or their Agents be unable to supply other tonnage of equal character and capacity, the buyer has the option of cancelling such portion of this contract, as has not cleared

within the time specified above or taking the Sugar for later shipment without claiming damages and their decision is to be given immediately on advice from sellers that delay has occurred."

The action was heard in the Superior Court by *O'Connell, J.*, without a jury. Material evidence appearing in the record is described in the opinion. The bill of exceptions did not state that it contained all the evidence. The defendant made "requests for findings and rulings," which, with the action of the judge thereon, were as follows:

"1. The agreement of April 29, 1920, between the plaintiff and the defendant called for the purchase and sale of about one hundred tons of white Java sugar, approximately fifty of which were to be shipped in the months of April or May from the Island of Java, and approximately fifty of which were to be shipped from the Island of Java in the month of July." Granted.

"2. The agreement contained the provision that 'Should any unforeseen circumstances such as accident, stress of weather, etc., prevent the steamer or steamers hereafter declared against this contract from clearing within the time specified above, and the sellers or their agents be unable to supply other tonnage of equal character and capacity, the buyer has the option of cancelling such portion of this contract, as has not cleared within the time specified above, or taking the sugar for later shipment without claiming damages, and their decision is to be given immediately on advice from sellers that delay has occurred.'" Granted.

"3. No steamer was declared against the July shipment until the letter from the plaintiff to the defendant dated September 3." Granted.

"4. The S.S. Karimoen did not leave the Island of Java until August 14, 1920. No notice of the delay in the sailing of the steamer declared against the July shipment was given by the plaintiff until September 29, 1920. (See letter of that date from plaintiff to the defendant which followed letter from the defendant to the plaintiff calling their attention to what the defendant had learned with regard to the S.S. Karimoen.)" Granted.

"5. No tender of any other sugar was made by the plaintiff to the defendant until October 11. (See letter of October 11 from plaintiff to defendant and bill of same date.)" Granted.

"6. The sugar tendered on October 11 in fact arrived at New

York on the S.S. Madioen on September 7 and was actually unloading on September 13. The S.S. Madioen cleared the Island of Java on July 13." Granted.

"7. The usual sailing time from Java to New York is between forty-five and sixty days." Refused.

"8. The price of Java sugar began to decline about the middle of August and on September 3 the market price of all sugars was rapidly declining." Granted.

"9. Under the terms of the contract the plaintiff was required to ship to the defendant approximately fifty tons of sugar from the Island of Java in the month of July." Refused, but granted with the modification that the plaintiff was required to deliver to the defendant sugar shipped from the Island of Java in the month of July.

"10. Under the terms of the contract the plaintiff was required to declare the steamer or steamers upon which the shipment to the defendant was made before the first of August." Refused.

"11. The failure of the plaintiff to ship in July and to declare a steamer or steamers is a breach of the contract by the plaintiff unless excused by the express terms of the last paragraph of the contract." Refused.

"12. There is nothing to show that the S.S. Karimoen was prevented from clearing by the end of July by 'any unforeseen circumstances such as accident, stress of weather, etc.'" Granted.

"13. However, if such was the fact the plaintiff under the terms of the contract was bound to give immediate notice to the defendant that delay had occurred." Refused.

"14. The plaintiff's failure to notify the defendant cannot be excused by relying on information received from third parties." Refused.

"15. Even if the delay was because of unforeseen circumstances by the terms of the contract it was incumbent upon the plaintiff to get the actual information and act in notifying the defendant immediately." Refused.

"16. Even if the delay was because of unforeseen circumstances the defendant had the option of cancelling such portion of the contract as had not cleared within the time specified unless the plaintiff immediately notified the defendant of the delay, and at

that time offered to supply other tonnage of equal character and capacity." Refused.

"17. The plaintiff could have reasonably ascertained before September 29th that S.S. Karimoen did not clear from Java during July." Refused.

"18. The plaintiff was obligated under the contract to try to ascertain if the steamer declared cleared within the specified time in the contract." Refused, with the understanding that this request refers to the steamer Karimoen.

"19. That a steamer to clear Java within July as provided in the contract must have cleared the last port on Island of Java at which it stopped on its way to New York within July." Granted.

"20. The plaintiff in receiving information about the time of clearance of S.S. Karimoen from Java simply accepted information received from Minford Lueder and passed it on to the defendant without attempting to verify it." Granted.

"21. The plaintiff acted unreasonably in relying solely on this information." Refused.

"22. Under the contract the plaintiff was required to offer immediately after the occurrence of the delay other tonnage of equal character and capacity, that is to say, the plaintiff must be in a position to supply sugar of the same character and in the same amount which had already been shipped in the month of July." Refused.

"23. In any event the plaintiff was under an obligation to declare the steamer or steamers covering the July shipment or notify of the delay in the sailing of the steamer within a reasonable time after the last day of July." Refused.

"24. The declaration on September 3 of the S.S. Karimoen did not reasonably comply with the requirements of the contract." Refused.

"25. At the time of the writing of the letter of September 3, the plaintiff could have reasonably ascertained that the S.S. Karimoen did not clear from Java during July but was delayed and was not expected to reach New York in the first or second week of September." Refused.

"26. Notice of delay on September 29 was unreasonable and did not comply with the requirements of the contract." Refused.

"27. The plaintiff should have made some attempt before

September 29 to ascertain whether the S.S. Karimoen cleared from Java during the month of July." Refused.

"28. The plaintiff was unreasonable in not making any attempt to determine whether the S.S. Karimoen cleared Java within July." Refused.

"29. The defendant was not obligated to take and pay for the fifty tons of sugar tendered on October 11 because of the plaintiff's breach of the contract." Refused.

"30. The sugar offered by the plaintiff on October 11 was not other tonnage of equal character and capacity supplied by the plaintiff within the meaning of the last paragraph of the contract." Refused.

"31. On all the evidence the plaintiff is not entitled to recover." Refused.

"32. The defendant made a deposit of $5,000 on April 29, 1920, on account of a sugar contract made with the plaintiff. The defendant having performed all parts of the contract upon which the deposit was made except such performance as it is excused from, is entitled to recover $5,000, together with interest thereon." Refused.

The judge found for the plaintiff in the sum of $11,642.51; and for the plaintiff (defendant in set-off) on the declaration in set-off; and the defendant alleged exceptions.

*L. Withington,* (*C. B. Cross* with him,) for the defendant.

*J. C. Coughlin,* for the plaintiff.

CROSBY, J. This is an action of contract to recover damages on account of the defendant's refusal to accept and to pay for certain sugar, alleged to have been tendered by the plaintiff to the defendant under a written contract. The case was tried before a judge of the Superior Court, without a jury, who found for the plaintiff, and the case is before us on the defendant's exceptions to the refusal of the judge to make certain findings and rulings.

The contract was dated April 29, 1920, and provided that the plaintiff should sell to the defendant, about one hundred tons of white Java sugar at twenty-two and one half cents a pound duty paid to be delivered "ex dock or ex store New York, Seller's Option. No arrival no sale. . . . Shipment to be made approximately as follows: —

"50 tons April/May        Seller's Option
50 tons July                    "              "

from the Island of Java." Payment was to be made in cash upon presentation of delivery order or warehouse receipt. The contract also contained the following provision: "Should any unforeseen circumstances such as accidents, stress of weather, etc., prevent the steamer or steamers hereafter declared, against this contract from clearing within the time specified above, and the sellers or their Agents be unable to supply other tonnage of equal character and capacity, the buyer has the option of cancelling such portion of this contract, as has not cleared within the time specified above or taking the Sugar for later shipment without claiming damages and their decision is to be given immediately on advice from sellers that delay has occurred." The April/May shipment was accepted and paid for, and the only question is, whether the plaintiff committed any breach of the contract which justified the defendant in refusing to accept the fifty tons to be shipped in July.

On September 3, 1920, the plaintiff wrote the defendant he was informed that the sugar to be shipped in July had been shipped on the steamship Karimoen, but that "This information is given with the usual reservation for possible errors and corrections." On September 28, 1920, the defendant learned that the Karimoen did not clear from Java until August 14; and by letter of the same date so notified the plaintiff, and stated that the sugar would not reach New York until the middle of October, and for that reason it cancelled the order. On September 29, 1920, the plaintiff wrote to the defendant he had learned that through unforeseen circumstances the Karimoen did not clear Java until August 14, and offered immediately to deliver to the defendant from a warehouse in New York Java sugar in compliance with the contract, and in place of the fifty tons which should have been shipped in July. On the following day (September 30) the plaintiff by letter offered to deliver sugar shipped on the steamship Madioen which cleared a port in Java on July 13, and which had arrived in New York; or from the steamship Siletz, which cleared a port in Java on July 5, but which had not arrived in New York; and requested the defendant to advise which delivery it preferred. The defendant refused to accept sugar from either steamer, and the plaintiff made a tender of sugar from the Madioen, which was refused.

The defendant's exceptions, so far as they relate to requests for findings of fact, are unsustainable, as it is settled that in an action at law the court is not required to make findings of fact. *Commercial Credit Co.* v. *M. McDonough Co.* 238 Mass. 73, 78. *Title Guaranty & Surety Co.* v. *Fred T. Ley & Co. Inc.* 238 Mass. 113, 120.

While the sugar was to be shipped from the Island of Java to New York, the contract did not in express terms provide that the plaintiff should be the shipper, nor is that requirement to be inferred from its terms. It was immaterial to the defendant whether it was shipped by the plaintiff or by another; the obligation was to deliver in New York sugar which had been shipped from Java in July. Reference to the time and place of shipment, properly construed, identifies the sugar as it was to be delivered "ex dock or ex store New York, Seller's Option. No arrival no sale;" and as payment was to be made in cash on presentation of delivery order, it is apparent that the defendant acquired no title and incurred no liability until delivery of it in New York. The plaintiff was not required to be the shipper, but could purchase other sugar answering the description which had been shipped from Java in July. *Cunningham* v. *Judson,* 100 N. Y. 179. *Thornton* v. *Simpson,* 6 Taunt. 556. See also *Browne* v. *Paterson,* 165 N. Y. 460.

It is the contention of the defendant that under the contract the plaintiff was required to make declaration of the steamer or steamers before arrival in New York. The plaintiff contends that he was not required to make any declaration or advise the defendant at any time of the name of the ship in which the sugar had been transported. *C. A. Gambrill Manuf. Co.* v. *American Foreign Banking Corp.* 194 App. Div. (N. Y.) 425. If it be assumed that the words in the contract "hereafter declared" are sufficient to indicate an intention of the parties that the plaintiff was obliged to declare the steamer or steamers in which the sugar had been shipped, we are of opinion that it could have been found from the correspondence above referred to that the plaintiff fully complied with the contract in this particular. While the first notice given by the plaintiff to the defendant on September 3 was conditional, it appears that on September 28 the plaintiff for the first time learned that the Karimoen had not cleared from Java in July and that thereupon two days later he offered to deliver the sugar

contracted for from either of two ships, both of which sailed from Java in July and one of them had arrived in New York.  The defendant refused to accept sugar from either steamer and the plaintiff made a tender of fifty tons from the Madioen, which was refused.  The judge could have found that the declaration of the Madioen was a compliance with the terms of the contract.  The plaintiff was not obliged to notify the defendant when a given steamer would clear from Java; the most the latter was entitled to was a notification of the date of clearing within a reasonable time after the plaintiff knew of it.  *C. A. Gambrill Manuf. Co. v. American Foreign Banking Corp. supra.*  If, as the judge could have found, the plaintiff upon sufficient information seasonably notified the defendant that a steamer which had cleared from Java in July with the designated sugar on board had arrived in New York, that notification was a sufficient declaration to comply with the contract.  *C. A. Gambrill Manuf. Co.* v. *American Foreign Banking Corp. supra.  Matthew Smith Tea, Coffee & Grocery Co.* v. *Lamborn & Co.* 276 Fed. Rep. 325.

There was evidence that the form of contract between the parties was a well known standard form in use for many years in the import trade, and had been extensively used in sales covering imports from Java; that it was the custom in the import trade under such a contract for the seller to give to the buyer the name of the steamer in which shipment was made when such information was received from the port of shipment, either by cable, letter or on the invoice; that it frequently occurred that the seller did not know the name of the vessel until after its arrival, in which case he then gave the name to the buyer, either by letter or on the invoice and delivery order when presented with the draft.  Such a custom cannot be said to be unreasonable, contrary to, or in conflict with the contract in the case at bar.

Although the testimony above referred to standing alone is insufficient to establish a general or uniform custom to bind the defendant, we cannot assume that there was no other upon that question as the entire evidence is not reported; but apart from the evidence of custom the declaration made by the plaintiff was a compliance with the contract.

The circumstance that the defendant made a contract for the sale of sugar for delivery in September, of which the plaintiff had

no knowledge, cannot affect the rights and obligations of the parties under the contract in question. The sugar tendered by the plaintiff on October 11 was white Java sugar shipped from Java in July of the quantity and quality described in the contract. We are of opinion that the tender was sufficient and that it could have been found that the normal time for delivery at New York of a July shipment of Java sugar had not expired.

If the plaintiff's letter of September 3 could be construed as a tender, which we do not decide, and was ineffectual by reason of error or mistake, a subsequent tender by the plaintiff seasonably made is valid and the refusal by the defendant was not justified. *Coleman* v. *Edwards,* 5 Ohio St. 51. *Whitla* v. *Moore,* 164 Penn. St. 451. *Borrowman, Phillips & Co.* v. *Free & Hollis,* 4 Q. B. D. 500.

While copies of the contract, correspondence between the parties and certain oral testimony are printed in the record, it does not appear that all the evidence is before this court. In these circumstances we cannot say that the findings of fact made by the judge were unwarranted.

The defendant's requests for rulings need not be considered in detail; from what has been said, none of them rightly could have been made.

We perceive no error of law. The entry must be

*Exceptions overruled.*