*Western District*

## THE PARK NATIONAL BANK OF HOLYOKE
### v.
## THEODORE S. MOTYL and FANNIE B. MOTYL

(January 23, 1957)

*Riley, P. J.* The plaintiff bank is the holder of a promissory note dated July 31, 1952 signed by the defendants and endorsed to it by the Bell Building Utilities, Inc., the payee of said note.

*The evidence shows that* the note was executed simultaneously with a conditional sale agreement for the sale of aluminum windows with screens by the Bell Co. to the defendants and that the agreement and the note were on one sheet of paper, the note

being separated from the agreement by a perforation so that the note could be detached from the agreement and that the note was detached for the purpose of this suit although the agreement was assigned to the plaintiff on July 31, 1952 at the time the note was endorsed to it. The printed form of the note and conditional sale agreement were furnished to the Bell Company by the plaintiff. The agreement contained the following words at the top in large type,

"THE PARK NATIONAL BANK OF HOLYOKE
HOLYOKE, MASSACHUSETTS
CONDITIONAL SALE CONTRACT"

Directly beneath this title were the words,

"Contract made . . . between the undersigned Buyer, . . . and the undersigned Seller, . . . which term shall be deemed to include any assignee of Seller's interest".

In the agreement was also the following provision:

"Buyer agrees to pay to Seller or order at the office of THE PARK NATIONAL BANK OF HOLYOKE the Balance Due (Item 6) in 30 consecutive monthly instalments of $17.00"

The following words were also contained in the conditional Sale contract:

"A Promissory Note was executed by the Buyer in connection with this Contract setting forth the Balance due and was given as evidence thereof and not as payment therefor."

The printed form of the note also contained this provision:

"Payable at THE PARK NATIONAL BANK of Holyoke, Holyoke, Mass."

There was evidence that the Bell Company installed the storm windows in the defendants' home late in October, 1952; that the first installment on the note became due on February 1, 1953 and was not paid; that on March 10, 1953 the plaintiff wrote the defendants a letter demanding payment; that the defendants refused payment because the storm

windows were not satisfactory and did not fully serve the purpose for which they were sold; that the plaintiff acknowledged it had received a complaint from the defendants and that it would bring it to the attention of the Bell Company and that the storm windows were defective. The defendants testified that they voluntarily signed the conditional sale contract and the note attached thereto but did not read the contents of either; that they did not receive a copy of the conditional sale agreement and the plaintiff admitted it was its general practice to accept the entire agreement, the conditional sale contract and the attached note and that it knew the note contained on its face the following writing:

"If paid on or before February 1, 1953 Bell Building Utilities will pay interest charges."

The defendants, in addition to a general denial, denied that the plaintiff was a holder in due course and a bonafide purchaser of the note for value before its maturity and say that the note was executed and delivered through the fraudulent representations of the plaintiff or its agent; that the note was not negotiable; that there was a failure of consideration for said note; that the plaintiff or its agent failed through negligence to comply with the provisions of Section 13 of Chapter 255 of the General Laws in not furnishing the defendants a copy of the conditional sale contract and that the plaintiff or its agent warranted the goods to be free from all defects but that said goods were defective and not merchantable.

It appears from the evidence that the contract was negotiated by a salesman of the Bell Building Utilities, Inc. and that this salesman and a Mr. Attridge of the Bell Company secured the signatures of the defendants to the sale contract and note that during the course of the transaction various questions pertaining to the male defendant's finances were asked of him and his answers were written down on the back of the sale agreement upon a blank thereon

entitled "Credit Application" which appeared above the assignment of the contract and which assignment had printed in it *as assignee* the name of the plaintiff in large type. There is no evidence that any of the agents of the plaintiff had anything to do with the sale of the personal property or in the negotiations which culminated in the execution of the note and sale agreement.

The trial judge found for the plaintiff and, among others, made the following findings of fact:

"I find that the defendants signed the conditional sales contract and the attached note and that they knew the contents of both; that the note was then detached from the conditional sales contract and the conditional sales contract was then delivered to the plaintiff for the sole purpose of allowing the plaintiff to make a credit investigation from information contained on the back of the conditional sales contract.

I find as a fact that when the plaintiff discounted the note on August 7, 1952, it had no knowledge, direct or indirect, that the storm windows were in any way defective. I find that the note was complete and regular on its face and was negotiated before maturity and before any installment payment was due. I find upon all the facts that the instrument declared upon was a negotiable promissory note and that the plaintiff was a holder in due course and for value.

Upon all the evidence I find that in the transaction between the plaintiff and the seller of the storm windows, Bell Building Utilities, Inc., that there was no relation of principal and agent and that there was no evidence of any conspiracy between them to defraud the defendants. I also find that when the plaintiff discounted the note it had no knowledge that the storm windows had not been installed."

The defendants duly filed the following requests for rulings:

"1.  Upon the evidence the finding should be for the defendants.

2.  The evidence warrants a finding that the conditional sales contract and note appearing at the bottom, both signed at the same time and place and consisting of but one sheet of paper, constituted one instrument and should be construed together when in the hands of the same person.

3.  The evidence warrants a finding that upon the assignment of such single instrument (conditional sales contract and evidence of indebtedness) the assignee (plaintiff bank) receives it with notice that the note is burdened with the provisions of the conditional sales contract.

4.  The evidence warrants a finding that the primary instrument was the conditional sales contract, the note merely evidence of an indebtedness, and by detaching note from the contract the assignee (plaintiff bank) had no greater rights than its assignor for the assignee was entitled to all the rights and incurred or assumed all the obligations of the entire instrument.

5.  The evidence warrants a finding that an assignee, in obtaining all the rights by virtue of an assignment of an entire instrument also obtains all the obligations arising thereunder.

6.  The evidence warrants a finding that an assignee of an entire instrument (conditional sales contract and note) is subject to all defences, infirmaties and equities available against the assignor.

7.  The evidence warrants a finding that the plaintiff is not a holder in due course as defined by Chapter 107, Sec. 75, (3) of the General Laws of Massachusetts for it did not take it in good faith and for value.

8.  The evidence warrants a finding that the instrument (note) is not negotiable as defined by

Chapter 107, Sec. 23 (2) and Sec. 24 (1) of the General Laws of Massachusetts for the note is not an unconditional promise or order to pay a sum certain in money.

9. Upon the evidence the instrument was avoided for it was materially altered by the assignee of the entire instrument without the assent of all parties liable thereon, as provided in Chapter 107, Sec. 147 of the General Laws of Massachusetts.

10. The evidence warrants a finding that where note and conditional sales contract covering storm windows, were assigned simultaneously to same party before consideration passed thereunder and assignee was owner and holder of both note and contract at time of suit on note, assignee took note with notice of a condition to liability thereon, did not become a holder in due course, and defenses that windows were not of merchantable quality and not installed in a workmanlike manner are available against assignee in action on note, notwithstanding that assignee detached note from contract before bringing suit.

11. The evidence warrants a finding that the assignee of a note, negotiable in form, attached to a conditional sales contract and assigned before the consideration has passed from seller to buyer, is in the same position as an ordinary assignee of conditional sales contract, since note and contract will be construed together, and assignee acquires only rights conferred by contract and is burdened with obligations imposed by it and in an action on note is subject to whatever defenses are available to buyer against seller."

These requests were refused by the trial judge and the following requests filed by the plaintiff were granted by him:

"1. Upon all the evidence the finding should be for the plaintiff.

2. The evidence warrants a finding that the plain-

tiff was a holder in due course of the note, being Exhibit 1, dated July 31, 1952.

3. The evidence warrants a finding that the plaintiff was not the principal and the dealer its agent in the sale of the storm windows.

4. The evidence warrants a finding that the plaintiff and the dealer were not in conspiracy with each other.

5. The evidence warrants a finding that the note was negotiable and was duly negotiated to the plaintiff without recourse and for value without notice of any defenses or claims that defendants might have against the dealer."

The defendants claim to be aggrieved by the judge's denial of their requests for rulings, his finding for the plaintiff and his action in granting all of the plaintiff's requests for rulings.

It was a question of fact for the judge to determine whether the plaintiff had proven the elements necessary to entitle it to recover in this action. In many aspects it resembles the case of *Commercial Credit Co. v. M. McDonough Co.*, 238 Mass. 73. His findings of fact show that his denial of the defendants' requests and his granting of the plaintiff's requests were not made as rulings of law but as findings of fact. We cannot say that these findings of fact were not permissible upon the evidence. The defendants argue vigorously that because the plaintiff had furnished the Bell Building Utilities, Inc. with printed forms of conditional sale agreement and the note bearing its name as a possible party to the proposed transaction this made the Bell Company its agent and that the plaintiff was the principal and could not be a holder in due course or a bonafide holder for value of the note sued upon. Whatever may be the law in other jurisdictions in somewhat similar transactions, we do not feel that we can, upon the evidence in this case, overturn the finding of the trial judge for this reason. If there was any

error in the manner in which he dealt with the requests of either party, we think that this error was fully cured by his findings of fact. *Rummel v. Peters*, 314 Mass. 504 at 518 and cases cited.

We find no prejudicial error in the finding for the plaintiff or in the denial or granting of the rulings requested by the parties and the report will be ordered dismissed.

Brooks, Green & Lyon, for the plaintiff.
Edwin M. Podolak, for the defendant.

*Western District*