LULU L. BECKWITH *vs.* CHESHIRE RAILROAD COMPANY.
L. H. BECKWITH *vs.* SAME.

Worcester.    Oct. 4. — Nov. 24, 1886.    DEVENS & W. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 112, § 197, enacting that a person who fraudulently attempts
    to evade the payment of a fare established by a railroad corporation shall be
    punished, and that "no person shall be removed from a car of a steam railroad
    corporation except as provided in" *c.* 103, § 18, (that is, by a railroad police
    officer, who must remove him to, and confine him in, the baggage car or other
    suitable car, and place him in charge of an officer at some station,) "nor from
    a train except at a regular passenger station," a child of the age at which the
    rules of a railroad corporation require the payment of a fare, and travelling in
    the custody of his parent, upon refusal to pay such fare, may be removed from
    the train at a regular passenger station, without being arrested.

THE FIRST CASE was an action of tort for assaulting the
plaintiff, and forcibly ejecting her from a car of the defendant.
Trial in the Superior Court, before *Knowlton*, J., who allowed a
bill of exceptions, in substance as follows :

The plaintiff's evidence tended to show that she was nine
years of age, and was travelling in the care and custody of her
mother ; that they entered the cars of the defendant, a steam
railroad corporation and common carrier of passengers, at Fitch-
burg, intending to go to Marlborough, N. H., a station on the de-
fendant's road ; that the mother purchased a ticket for herself,
but none for the plaintiff, and the plaintiff was unprovided with
any ; that, soon after the train started, the conductor demanded
the fare, and the mother surrendered her ticket ; that the conduc-
tor thereupon asked for a half-ticket for the plaintiff, or the pay-
ment of half fare, but the mother declined to pay the plaintiff's
fare ; that the conductor thereupon told the mother, that, unless
the plaintiff's fare was paid, he should remove the plaintiff from
the train at the next station ; that, the fare remaining unpaid,
the conductor removed the plaintiff from the train at Ashburn-
ham, a regular station on the defendant's road, taking her from
her seat in the car in which she was riding ; and that this re-
moval and the acts attendant thereupon constituted the injury
for which this action was brought.

The defendant's evidence tended to show that the rules
and regulations of the defendant's road required all passengers

between the ages of five and fourteen years to pay half fare; that this was known to the mother and to the plaintiff before the commencement of the journey; that each had in her possession sufficient money to pay the same; that the conductor warned the plaintiff and her mother, three separate times, that, unless half fare were paid for the plaintiff, he should remove her from the train; that after the train arrived at the Ashburnham station, and had come to a full stop, the conductor removed the plaintiff from the train, taking her from her seat in the car in which she was riding, and using as little force as was necessary therefor; and that no bodily pain or injury of any kind was inflicted upon the plaintiff, who made no resistance to the demand of the conductor for her removal, nor to his taking her by the arm and leading or pushing her out; but the defendant did not deny that the plaintiff left the train only upon the order of the conductor, and because she supposed that more force would be used if she refused to go.

The defendant's evidence further tended to show, that, after the plaintiff was upon the platform of the station, the conductor then stated, in the hearing of both the plaintiff and her mother, (who had followed the plaintiff from the train,) that, if the fare was then paid, the plaintiff might continue her journey; but, the mother declining and the plaintiff neglecting to pay, the train proceeded, leaving the plaintiff and her mother upon the platform of the station. There were many other passengers in the car at the time the plaintiff was removed therefrom.

The defendant asked the judge to instruct the jury, that, if they believed the defendant's evidence, the plaintiff could not recover. The judge refused to give this instruction, and instructed the jury, that, even if the defendant's evidence was true, the defendant would be liable to the plaintiff in nominal damages.

The defendant then requested the judge to rule, that, if the jury believed the defendant's evidence, the plaintiff was entitled to nominal damages only. The judge refused so to rule; and, after reading to the jury the Pub. Sts. *c.* 112, § 197, instructed them that the only legal method of removing a person from the car of a steam railroad corporation for non-payment of fare was by a railroad police officer, whose duty it was, upon the arrival

of the train at some station, to place such person in charge of an officer, to be taken to a place of lawful detention; and that, as the plaintiff was otherwise removed, the defendant, by reason solely of its neglect to comply with the provisions of the statute, was guilty of an assault upon the plaintiff, for which she was entitled to nominal damages.

The jury returned a verdict for the plaintiff in the sum of $250; and the defendant alleged exceptions.

THE SECOND CASE was an action of tort, by the mother of the plaintiff in the first case, for assault and battery. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff's evidence tended to show, in addition to the facts appearing in the first case, that, during the removal of the child from the car, as above stated, a brakeman of the defendant restrained the plaintiff of her liberty, and took her by the arms and thrust her violently into a seat.

The defendant's evidence tended to show that the plaintiff forbade the conductor to remove the child, and reached towards him, endeavoring, as he thought, to pull him by the beard, and making other demonstrations of hostility (all of which the plaintiff denied); that the conductor thereupon told the brakeman to prevent the plaintiff from interfering with the removal of the child; that the brakeman then placed himself between the plaintiff and the conductor, and prevented the plaintiff from passing by him while the conductor was removing the child, but did not thrust her violently into a seat; that, after the child had reached the platform of the station, the brakeman stood aside, and the plaintiff passed out of the car and joined her child upon the platform; and that no opposition was made to the plaintiff's reëntering the train, but she did not desire to do so without the child.

The defendant contended, and asked the judge to rule, that the child was wrongfully on the train, and had no right to proceed; that the defendant had a right to remove her from the car and the train in the manner described; and that, if the plaintiff resisted such removal, the defendant was justified in using the necessary force to overcome her resistance, and had a

right to use such force, whether the plaintiff was endeavoring to commit an assault upon the conductor, as the defendant contended, or not.

The judge declined so to rule; and, after repeating the instruction given in the first case, as to the removal of a person from a railroad car, ruled that the defendant, by reason solely of its neglect to comply with the provisions of the statute, was guilty of an assault upon the child, which the plaintiff might lawfully resist, and the defendant had no right to use force upon her while so resisting, and by force to prevent her from leaving the car; but that, if she was endeavoring to commit an assault upon the conductor as described by him, such conduct would not be justifiable on her part, and the defendant might lawfully restrain her by force.

The jury returned a verdict for the plaintiff, in the sum of $225; and the defendant alleged exceptions.

*G. A Torrey*, for the defendant.

*E. P. Pierce*, for the plaintiffs.

HOLMES, J. We agree with the argument of the counsel for the defendant, that if the meaning of the words of the Pub. Sts. *c.* 112, § 197, (St. 1874, *c.* 372, § 150,) "No person shall be removed from a car of a steam railroad corporation except as provided in section eighteen of chapter one hundred and three," (St. 1874, *c.* 372, § 146,) had been to take away the right of such corporation to remove from a train a person who does not pay his fare, without arresting him as provided in the section referred to, there would have been no reason for adding the further words, "nor from a train except at a regular passenger station." If the passenger is arrested, *c.* 103, § 18, requires the removal to be not only at a station, but at a station where the passenger can be placed in charge of an officer, &c.

The statute seems to us to speak of removal from a car by way of partial antithesis to removal from a train, and to refer to such removals from a car as are provided for in *c.* 103, § 18; that is, to removals "to the baggage or other suitable car of such train." We are of opinion that, when proper cause exists for removal, but the company does not deem it necessary to arrest the passenger, the statute does not prohibit putting him off the train at a regular passenger station without arresting him.

Apart from the clause which we have construed, there is no doubt of the company's right to put off the infant, whether the contract for her carriage, if any, was made with her or with her mother. She was a passenger, and as such was not entitled to be carried unless paid for. Pub. Sts. *c.* 112, § 197. She did not stand on the same footing as her mother's parasol, as was suggested by her counsel.          *Exceptions sustained.*