State Fair Association v. Hartman.

TENNESSEE STATE FAIR ASS'N *v.* HATTIE HARTMAN.

*(Nashville.* December Term, 1915.)

1. **THEATERS AND SHOWS.** Amusement device. Duty of care of operator.

One operating at a State fair an amusement device which carried passengers owed to his patrons, although they were actuated by motives of curiosity or pleasure, the degree of care owed by a common carrier of passengers, the care which the most prudent man would be expected to exercise under similar circumstances in the design, construction, maintenance, inspection and repair of his vehicle, and its approaches and exits, although all the rules governing carriers were not applicable. (*Post, p.* 163.)

Cases cited and approved: Knottnerus v. North Park Street R. R. Co., 93 Mich., 348; Best Park, etc., Co. v. Rollins (Ala.), 68 So., 417; Chesapeake Beach R. Co. v. Brez, 39 App. D. C. 58; Hinds v. Steere, 209 Mass., 442; Hartford Deposit Co. v. Sollitt, 172 Ill., 222; Southern Building, etc., Ass'n, v. Lawson, 97 Tenn., 367; Lumsden v. Thompson Scenic R. Co., 130 App. Div., 209; Linthicum v. Truitt, 2 Boyce (Del.), 338.

Case cited and distinguished: O'Callaghan v. Dellwood Park Co., 242 Ill., 336.

2. **THEATERS AND SHOWS.** Collapse of amusement device. Res ipsa loquitur.

Where the carriage contrivance of an amusement device carrying passengers fell and injured one, that fact, together with attendant circumstances, was evidence of faulty construction or repair, its operator being under the duty of a common carrier. (*Post, p.* 163.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— Thos. E. Matthews, Judge.

W. A. Lawrence and John T. Allen, for plaintiff, Hattie Hartman.

Sam'l N. Harwood, for defendant Bogle, Exrx.   J. B. Davis.

Pendleton & DeWitt, for defendants Kennedy & State Fair Ass'n.

Mr. Justice Williams delivered the opinion of the Court.

This is a companion case of *Hartman v. Tennessee State Fair Association,* 183 S. W., 733, ante, p. 149, the facts being the same in each.    The appeal is that of Davis, the operator of the "Ocean Wave" amusement device, there described, who was held liable in the court below.    The court of civil appeals has affirmed the judgment, and we are asked to review that action on writ of *certiorari.*

The matter of merit in the appeal depends on the solution of a single question—whether the proper degree of care was imposed on Davis by the court in the charge to the jury.

State Fair Association v. Hartman.

The trial judge gave instructions as follows:

"The law demands a degree of care higher than ordinary care from a carrier of passengers for hire. It demands of such carriers the highest degree of care— that care which the most prudent man would be expected to exercise under circumstances similar to those shown in evidence, in the design, construction, maintenance, inspection, and repair of his vehicles and its approaches and exits."

It is complained that it was error to burden Davis with the degree of care exacted of a common carrier of passengers. There seems to be little authority on the *status,* in this respect, of the operators of merry-go-rounds, scenic railways, and amusements of like type.

The supreme court of Illinois, in the case of *O'Callaghan* v. *Dellwood Park Co.,* 242 Ill., 336, 89 N. E., 1005, 26 L. R. A. (N. S.), 1054, 134 Am. St. Rep., 331, 17 Ann. Cas., 407, dealing with a scenic railway operated in an amusement park, said in this connection:

"The precise question now under discussion has not been decided by this court, and our attention has not been called to any case where the degree of care and responsibility resting upon those managing a railway of this kind has been considered. The nearest in point, perhaps, is *Knottnerus* v. *North Park Street R. R. Co.,* 93 Mich., 348, 53 N. W., 529, 17 L. R. A., 726. That was as to the operation of a roller coaster, and the street railway company, while it owned the amusement park

134 Tenn. 11

where the coaster was being operated, did not own or operate the device itself. . . . We think, not only by fair analogy but on reason and sound public policy, appellant should be held to the same degree of responsibility in the management of the railway in question as a common carrier."

The supreme court of Alabama ruled in like manner in respect of a scenic railway. *Best Park, etc., Co.* v. *Rollins, (Ala.),* 68 South., 417. And see *Chesapeake Beach R. Co.* v. *Brez,* 39 App. D. C., 58.

In Massachusetts it is held that the business of a proprietor of a sight-seeing automobile so far approximates that of a public carrier as that he owes to his patrons the duty of exercising the highest degree of care consistent with the proper transaction of the business. *Hinds* v. *Steere,* 209 Mass., 442, 95 N. E., 844, 35 L. R. A. (N. S.), 658.

This court, followed by the Illinois court (*Hartford Deposit Co.* v. *Sollitt,* 172 Ill., 222, 50 N. E., 178, 64 Am. St. Rep., 35), has held that operators of elevators for the service of persons are charged with the high degree of care imposed on common carriers (*Southern Building, etc., Asso.* v. *Lawson,* 97 Tenn., 367, 37 S. W., 86, 56 Am. St. Rep., 804), and in accord is the weight of authority (9 R. C. L., 1249).

There is nothing to the contrary in the principles enunciated in *Lumsden* v. *Thompson Scenic R. Co.,* 130 App. Div., 209, 114 N. Y. Supp., 421; and so far as *Linthicum* v. *Truitt,* 2 Boyce (Del.), 338, 80 Atl., 245,

State Fair Association v. Hartman.

involving a merry-go-round, is subject to the adverse construction, it goes against the current of authority.

We are of opinion that the court of civil appeals did not improperly hold that the rule of care devolved by law on a common carrier was applicable in the present case. Of course the fact that the person injured was led to ride on the Ocean Wave by motives of curiosity or pleasure cannot operate to distinguish the case, any more than it did the decisions in those cases involving scenic railways and sight-seeing automobiles. All persons were invited to make use of the device who would pay the fare. There were unusual risks which the operator was bound to anticipate and protect against in the construction and operation of the mechanism of carriage, since the patrons had no opportunity to do so.

We are not to be understood as saying that the operator was a technical common carrier, or that all of the rules governing such a carrier are applicable to him. We are treating only of the measure of care to be observed by him.

The responsibility of Davis in that regard being equivalent to that of a common carrier, it follows that the falling of the carriage contrivance was, in connection with the attendant circumstances, evidence tendinging to show that it was of faulty construction or out of repair; and the case properly went to the jury, over the defendant's motion for peremptory instructions. Writ denied.