### ROSE HADDAD *vs.* THOMAS GRIFFIN.

Middlesex. December 12, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

Carrier. *Negligence,* Causing loss of goods transported in passenger motor vehicle.

Where, at the trial of an action by a woman against one, who was in the business of letting automobiles for hire, to recover the value of a leather bag and its contents, the only evidence of the occupation of the defendant was that he " was in the business of letting automobiles for hire " and that on the occasion of the loss of the plaintiff's property she was in an automobile rented from the defendant and driven by his employee, it could not be ruled as a matter of law that the defendant was a common carrier either of passengers or of goods, and it was proper for the trial judge to refuse to rule that, " the plaintiff having proved the delivery in good condition of the baggage, declared on in her declaration, to the defendant, the burden is upon the defendant to prove its safe transportation and delivery to the plaintiff at her destination."

At the trial of the action above described, it appeared that the employee of the defendant, who was driving the automobile in which the plaintiff had been transported and in which she had left her personal property, had no knowledge that such property had been left in the automobile. *Held,* that the defendant could not be held liable without proof of negligence on the part of his employee and that on the evidence a finding of negligence would not have been warranted.

CONTRACT OR TORT for the value of a leather bag and box and their contents alleged to have been lost through the

negligence and carelessness of the servants or agents of the defendant, who was alleged in the declaration to be " engaged in the business of a common carrier, holding himself out to the public as being able and willing to transport passengers and their baggage from place to place in automobiles." Writ in the Third District Court of Eastern Middlesex dated October 5, 1922.

Material evidence and requests by the plaintiff for a ruling and findings by the trial judge are described in the opinion. The judge found for the defendant and reported the case to the Appellate Division for the Northern District, who ordered the report dismissed. The plaintiff appealed.

The case was submitted on briefs.

*D. B. Beard,* for the plaintiff.

*C. Toye,* for the defendant.

CROSBY, J. This is an action to recover the value of a leather bag and box and their contents. The action was tried before the judge of the Third District Court of Eastern Middlesex, who found for the defendant and reported the case to the Appellate Division of the Northern District under St. 1922, c. 532, § 8. The case is before us on appeal from an order dismissing the report.

The following facts were found by the trial judge. The husband of the plaintiff contracted with the defendant, who is in the business of letting automobiles for hire, for four automobiles to carry the plaintiff and her friends from Natick to Boston on the night of January 22, 1922. The plaintiff's agent who hired the automobiles knew that the defendant would be obliged to obtain other cars. The defendant furnished one and obtained three others from another garage keeper. All the automobiles on the night in question were under the direction of the defendant, and the service rendered was paid for by the plaintiff to the defendant. It appears that the automobiles were driven to a house in Natick; that the plaintiff with her child entered one of them; that she caused her bag and box to be placed in another automobile occupied by several persons, among whom was her sister, a minor, but a proper person to be custodian of the

articles; that the driver of this automobile did not know that the bag and box were so placed; that after the automobiles arrived at a house in Boston the occupants immediately alighted and went into the house; that the plaintiff's sister either did not see the articles or did not pay any attention to them in alighting; that after the occupants of the automobile went into the house the bag was missed, and a few minutes later, and before any of the automobiles had left, several persons came out and looked for the missing articles, but they could not be found and there was no evidence to explain their disappearance; that the driver of the machine was either sitting at the wheel or standing on the sidewalk near by talking with other chauffeurs when the search was made.

The plaintiff requested the trial judge to rule that " the plaintiff having proved the delivery in good condition of the baggage, declared on in her declaration, to the defendant, the burden is upon the defendant to prove its safe transportation and delivery to the plaintiff at her destination." This request was refused and a finding was made for the defendant. We are of opinion that the request was rightly denied, and that no error of law appears in the action of the judge in finding for the defendant.

The argument of the plaintiff that the defendant was liable for the loss of the articles on the ground that he was a common carrier cannot be sustained. The only finding respecting the occupation of the defendant is that he was "in the business of letting automobiles for hire;" but whether he was a common carrier, or only a private carrier, does not expressly appear nor can it be inferred from any facts found. Although he was in the business of letting automobiles for hire, it does not necessarily follow that he was a common carrier, either of passengers or goods. If he was a private carrier he would be liable for the loss of the articles only in case such loss was due to his negligence or that of his agent or servant. While a common carrier generally is bound to carry persons and property for all who desire such service upon tender of reasonable compensation,

yet a private carrier is not bound to carry for any reason unless he makes a special agreement to do so.

It is plain that, as the driver of the machine in which the bag and box were placed had no knowledge that they were there, and as there is no evidence of lack of reasonable care on the part of the defendant or his agents, a finding of negligence would not have been warranted. *Dwight* v. *Brewster*, 1 Pick. 50, 53. *Houle* v. *Lewonis*, 245 Mass. 254, and cases cited.

*Order dismissing report affirmed.*