15693.    GEORGIA RAILWAY & POWER CO. *v.* TURNER, by next friend.

1. A carrier of passengers is bound to extraordinary diligence on the part of himself and his agents, to protect the lives and persons of his passengers. Civil Code (1910), § 2714. Such duty includes an obligation of diligence to protect the passengers against insult or injury by the carrier's employees. *Louisville & Nashville R. Co.* v. *Chivers*, 11 *Ga. App.* 236 (75 S. E. 13) ; *Binder* v. *Georgia Ry. & Electric Co.*, 13 *Ga. App.* 381 (1), 383 (79 S. E. 216) ; *Cole* v. *Atlanta & West Point R. Co.*, 102 *Ga.* 474, 479 (31 S. E. 107) ; *Mason* v. *Nashville &c. Ry.*, 135 *Ga.* 741 (4) (70 S. E. 225, 33 L. R. A. (N. S.) 280) ; *Louisville & Nashville R. Co.* v. *Forrest*, 6 *Ga. App.* 766 (2) (65 S. E. 808) ; *Georgia R. Co.* v. *Newsome*, 60 *Ga.* 492.

2. The breach of a duty of diligence toward one entitled thereto is ordinarily termed negligence (*Harvey* v. *Bartow County*, 31 *Ga. App.* 84 (2), 119 S. E. 538), but where an action against a carrier is founded upon the alleged wrongful ejection of the plaintiff as a passenger, and no negligence of the carrier or his employees is alleged, the wrong complained of is to be regarded not as negligence, but as "improper conduct" (Civil Code of 1910, § 2779), and the law relating to diligence and negligence on the part of carriers with reference to their passengers is not involved. *Savannah Electric Co.* v. *Pritchard*, 133 *Ga.* 747 (1) (66 S. E. 952) ; *Atlanta Consol. St. Ry. Co.* v. *Keeny*, 99 *Ga.* 266 (4) (25 S. E. 629, 33 L. R. A. 824) ; *Seaboard Air-Line Ry.* v. *O'Quinn*, 124 *Ga.* 357, 359 (2) (52 S. E. 427, 2 L. R. A. (N. S.) 472). Such being the character of the present action, the court erred in charging the law upon these subjects. But an error of this sort, standing alone, does not always require a reversal. See cases cited above, and *Kirkland* v. *Brewton*, 32 *Ga. App.* 128 (2) (122 S. E. 814).

3. Where in such a case the evidence authorized the inference that the plaintiff was a passenger and had not forfeited any of his rights as such, but was nevertheless ejected by the defendant carrier's conductor, the trial court committed no error in giving in charge the principle contained in the Civil Code (1910), § 2780, with respect to the presumption which arises against a railroad company under certain circumstances. This section, where the facts otherwise so justify, may be given in charge not only where the action is founded upon negligence, but also where it is founded upon "misconduct" on the part of the carrier's servants. Compare § 2779. See, also, *Savannah &c. Ry. Co.* v. *Godkin*, 104 *Ga.* 655 (2) (30 S. E. 378, 69 Am. St. Rep. 187) ; *Geor-*

*gia Railroad v. Homer, 73 Ga. 251 (6); Atlantic Coast Line R. Co. v. Thomas, 14 Ga. App.* 619 (3) (82 S. E. 299); *Central &c. Ry. Co. v. Cannon,* 106 *Ga.* 828 (1) (32 S. E. 874).

4. In the absence of an appropriate request it is not error for the court to omit to instruct the jury as to the definitions of the words "tort," "carelessness," "negligence," and "improper conduct," as employed in the charge. Compare *Harvey v. Bartow County,* supra; *Hall v. State,* 133 *Ga.* 177 (8) (65 S. E. 400); *Jordan v. State,* 16 *Ga. App.* 393 (85 S. E. 455), and citations on page 400; *Foote v. Kelley,* 126 *Ga.* 799 (3) (55 S. E. 1045).

5. "Punitive damages are recoverable in an action against a railway company by a passenger, where the evidence shows that he was, without justification or excuse, forcibly expelled from its train by the conductor or other employees in charge thereof." *Seaboard Air-Line Ry. v. O'Quin,* 124 *Ga.* 357 (1) (52 S. E. 427, 2 L. R. A. (N. S.) 472). Under the pleadings and the evidence the court did not err in giving in charge section 4503 of the Civil Code. See also *Head v. Georgia Pacific Ry. Co.,* 79 *Ga.* 358 (1) (7 S. E. 217, 11 Am. St. Rep. 499); *Georgia R. Co. v. Dougherty,* 86 *Ga.* 744 (4) (12 S. E. 747, 22 Am. St. Rep. 499).

6. Where, in the trial of an action for the wrongful ejection of the plaintiff as a passenger, all the material allegations in which are denied, the evidence did not demand the conclusion, though authorizing it, that the plaintiff had not lost or forfeited his rights as a passenger at or before the occurrence complained of, but where on the other hand the inference could have been drawn that the plaintiff was ejected because he failed and refused to pay or tender fare when rightfully demanded by the conductor, and where certain evidence, if believed by the jury, would have shown that his ejection was accompanied with no violence or undue force, the defendant was entitled to have the jury instructed to the effect that the ejection of a passenger by a carrier upon his refusal to pay fare rightfully demanded affords no ground of complaint against the carrier, provided no violence or undue force is used (*Allison v. Ga. R. &c. Co.,* 132 *Ga.* 834 (1), 65 S. E. 85), although there was no other plea than a general denial of the plaintiff's averments. *Binder v. Ga. Ry. & Elec. Co.,* 13 *Ga. App.* 381 (5) (79 S. E. 216); *Atlanta, Knoxville &c. Ry. Co. v. Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818). The failure of the court to give such principle in charge in this case was reversible error even though the instruction was not requested (*Central Railroad v. Harris,* 76 *Ga.* 501 (1 b)), the same being applicable to a defense directly involved under the pleadings and the evidence. *King v. Luck Co.,* 21 *Ga. App.* 698 (94 S. E. 890); *Freeman v. Nashville &c. Ry.,* 120 *Ga.* 469 (1) (47 S. E. 931).

7. Under the ruling in the preceding paragraph the assignments contained in special grounds 9 and 11 of the defendant's motion for a new trial should have been sustained and a new trial ordered. No other reversible error appears.

DECIDED NOVEMBER 13, 1924.

Action for damages; from city court of Decatur—Judge Daley. May 5, 1924.

*Colquitt & Conyers, Hugh Burgess, Jerome Jones Jr.,* for plaintiff in error.

*Branch & Howard,* contra.

BELL, J. The character of this action is shown in the headnotes. A verdict was found for the plaintiff, and the defendant has excepted to the overruling of its motion for a new trial. As to one phase of the case the evidence was substantially as follows: The plaintiff, who was a boy nine years of age, boarded one of the defendant's street-cars, in company with his mother and an aunt. His aunt paid the fares for them all, and procured transfers to another line in the defendant's system of railways, over which they were being transported at the time of the occurrence complained of. The plaintiff took a position on the platform at the front end of the car to which they had transferred, while the mother and the aunt seated themselves in another part of the car, but not far away. After they had ridden some distance the conductor approached the plaintiff and demanded his fare. The boy replied that his fare had been paid, when in fact it had not, although he appears to have been entirely honest in responding as he did. It seems that he thought the car was a "pay as you enter" car, like others upon which he had ridden, and believed that his mother or aunt had surrendered the transfers accordingly. In this he was mistaken, and yet he made no other response except that his fare had been paid. He said nothing to indicate that he was traveling in the custody of adult relatives, or that he was laboring under any misapprehension. When the conductor was about to eject him, the aunt said to the conductor, "Here are the transfers; don't handle that boy so rough." The plaintiff claims to have heard her, and it might have been inferred that he thus believed that the conductor heard her also, and that for this reason he did not offer an explanation or retraction of his own statement. The conductor proceeded to put the plaintiff off, and some of the evidence would have authorized the inference that even if the ejection was warranted, it was nevertheless accompanied with violence and undue force.

The circumstances in evidence would authorize the conclusion that the conductor either heard or should have heard the aunt's

tender of fares, and thus that the plaintiff did not lose the rights to which he was entitled as a passenger, which relation he had thitherto undoubtedly occupied. On the other hand the jury could have found that the conductor did not hear the tender, and was not derelict in failing to hear. The evidence was not such as to demand the conclusion that the conductor was put upon notice that the child was not traveling upon his own responsibility or was not the proper person to pay his fare. See, in this connection, Beckwith v. Cheshire R. Co., 143 Mass. 68 (8 N. E. 875); Pittsburg &c. Ry. Co. v. Dewin, 86 Ill. 296; Lake Shore &c. Ry. Co. v. Orndorff, 55 Ohio St. 589 (45 N. E. 447, 60 Am. St. Rep. 716, 38 L. R. A. 140, and note). In the absence of such notice, the conductor would have had the right to eject the plaintiff when he failed on demand to pay fare, and made no reply except an untrue one that his fare had been paid. While it is true that neither the plaintiff nor any one in whose custody he was traveling appears to have intended that he should ride without the payment of fare, and that the boy was acting under a clear misapprehension, the mistake of *the plaintiff himself* was not chargeable to the carrier, unless the conductor knew of it or ought to have known of it under the circumstances. See *Harp* v. *Southern Ry. Co.*, 119 *Ga.* 927 (47 S. E. 206, 100 Am. St. Rep. 212); *Foskey* v. *Wrightsville & Tennille R. Co.*, 19 *Ga. App.* 670 (92 S. E. 34); Civil Code (1910), § 2750. As already stated, it does not conclusively appear that the conductor knew or should have known that the plaintiff was traveling in the custody of another or others, who should have been looked to for the payment of his fare.

Thus we think the evidence would have authorized a finding that the plaintiff by his own error lost the rights of a passenger; and there being some evidence to the effect that no violence or undue force was used in his ejection, the court committed error in failing to charge the principle embodied in the ruling of the Supreme Court in *Allison* v. *Georgia R. &c. Co.*, supra: "The ejection of a passenger from a train, upon his refusal to pay fare which is rightfully demanded of him, affords no cause of complaint against the company from whose train he is ejected by the employees of the company, provided that in ejecting him no violence nor undue force is used." The defense therein alluded to was nowhere sub-

mitted, although it was directly involved under the pleadings and the evidence.

The above is not an exhaustive statement of the evidence, but is enough to illustrate the ruling contained in the sixth headnote, which alone seems to require amplification. The court erred in overruling the motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*