YVETTE DION *vs.* JOHN DRAPEAU.

Bristol.    October 26, 1925. — January 4, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Motor Vehicle,* Taxi service. *Carrier,* Of passengers. *Contract,* What constitutes. *Evidence,* Presumptions and burden of proof. *Negligence,* Motor vehicle.

At the trial of an action by a minor, against one "engaged in the taxi business" and driving a motor vehicle, for personal injuries caused by an alleged negligent operation of the vehicle while the plaintiff was riding in it, the plaintiff's evidence showed that the defendant was hired to take the plaintiff and other members of his family to a station, that on the journey a collision occurred, and that after the accident the defendant refused "to accept the pay for the use of the machine." The defendant testified that he was called to take two passengers from the plaintiff's home, and that when he called "the whole crew of them got in, which was five or six"; that the plaintiff "walked out with the rest of them from the house and they all hopped in"; that the defendant "couldn't say 'you can't get on.'" *Held,* that an instruction to the jury, "As a matter of law upon the evidence the plaintiff was a passenger for hire," was proper.

TORT for personal injuries.    Writ dated July 15, 1920.

In the Superior Court, the action was tried before *Qua,* J. Material evidence, requests by the defendant for rulings, and instructions to the jury are described in the opinion.    The jury found for the plaintiff in the sum of $1,500.    The judge reported the action for determination by this court.

*M. Entin,* for the defendant.

*D. R. Radovsky,* for the plaintiff.

CARROLL, J.    The plaintiff, a minor, was injured by the negligence of the defendant, while riding in an automobile owned and operated by the defendant.    The report states that the defendant was "engaged in the taxi business."    The evidence introduced by the plaintiff tended to show that one Dore and his wife "were staying at the plaintiff's home"; that Dore "hired the defendant to take him and the plaintiff and her family to the depot"; that while on this journey the defendant's automobile collided with another automobile

through the defendant's negligence; and that after the accident the defendant refused "to accept the pay for the use of the machine."

The defendant testified that "Mr. Dore came to my house and he wanted to hire me to take two passengers down to the Fall River Station. I gave him a price of $3 on two passengers . . . . I drove up to the house and the whole crew of them got in, which was five or six. I was hired to take two passengers down to the station." The two he "was hired to take" were "Mr. and Mrs. Derousseau . . . He didn't mention anybody else. He said he wanted to take two passengers to the station." To the question "So that the $3 you were getting was merely for the hire of Mr. and Mrs. Derousseau?" he answered, "For the two passengers." He was then asked: "Tell us how this little girl [meaning the plaintiff] got in," he replied: "She walked out with the rest of them from the house and they all hopped in." He further testified "They were all friends of him; he knew all the people" and "I couldn't say 'you can't get on'"; that Dore "a couple of days afterwards" offered me "the payment. I said, 'No, I didn't get you quite to the station and it will be all right.'" He was then asked if he meant the payment of the $3, to which he answered "Yes."

At the close of the testimony the defendant requested the trial judge to rule: (1) "Upon all the evidence it is for you to say whether the plaintiff was a passenger for hire, or a gratuitous passenger or a guest"; and (2) "If the plaintiff was a guest or a gratuitous passenger in the automobile of the defendant, the plaintiff cannot recover unless the defendant was guilty of gross negligence." These requests were refused. The judge charged the jury: "As a matter of law upon the evidence the plaintiff was a passenger for hire," to which ruling, and to refusals to rule, the defendant excepted. The case is in this court on a report.

The defendant in the words of the report "was engaged in the taxi business." We construe this to mean that he conducted the business of carrying passengers for hire. According to his own testimony the plaintiff entered his vehicle. It must be inferred, therefore, that he undertook

to carry her as a passenger. If the defendant were a common carrier of passengers, on the defendant's own testimony the relation of passenger and carrier was established; she became a passenger for hire. *Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537, 542. It was said in *Lauchtamacher* v. *Boston Elevated Railway,* 214 Mass. 103, at page 104: "If . . . the conductor had seen the plaintiff while coming to the car, or in his attempt to get on by taking hold of the car and placing his right foot on the running board, and either expressly or by implication had assented, there would have been evidence of a contract for transportation." See *Warren* v. *Fitchburg Railroad,* 8 Allen, 227, 232, and *Geddes* v. *Metropolitan Railroad,* 103 Mass. 391, 394, 395. In the case at bar the facts testified to by the defendant, and upon which he relies, show that he saw the plaintiff enter the taxicab and expressly or impliedly assented. We do not consider it necessary to decide whether the meagre facts disclosed on this record are sufficient to show that the defendant was a common carrier of passengers. See in this connection *Haddad* v. *Griffin,* 247 Mass. 369, 371, where it was said: "Although he was in the business of letting automobiles for hire, it does not necessarily follow that he was a common carrier, either of passengers or goods." *Copeland* v. *Draper,* 157 Mass. 558, 560. *Seaver* v. *Bradley,* 179 Mass. 329, 330. *Houle* v. *Lewonis,* 245 Mass. 254. *Terminal Taxicab Co. Inc.* v. *District of Columbia,* 241 U. S. 252.

Assuming, but without deciding, that the defendant was not a common carrier of passengers in a strictly technical sense, being engaged in "the taxi business," and waiting to receive passengers at the plaintiff's home and actually carrying them, he was in fact a carrier of passengers; he held himself out as such and was bound to use reasonable care according to the contract. As bearing on this question see *Hinds* v. *Steere,* 209 Mass. 442.

The facts in the case at bar, which would show that the plaintiff was a passenger for hire if the defendant was a common carrier, were adequate to make out a contract for the conveyance of the plaintiff as a passenger for hire by the defendant even if he were not a common carrier. Taking

these facts as testified to by the defendant, and by which he is bound, in the light most favorable to him, they show that he operated and owned a taxicab; that at the request of Dore, he went with his taxicab to the plaintiff's home, and was ready to receive passengers; that with his knowledge and consent, without objection, and with no suggestion that the plaintiff was to be carried as a free passenger, he received her as a passenger and was conveying her to her destination when she was injured. As matter of law, on these facts, a contract, for the conveyance of the plaintiff, as a passenger for hire, was established.

*Massaletti* v. *Fitzroy*, 228 Mass. 487, is not applicable. The plaintiff in that case was invited to ride gratis in the defendant's motor car. In the case of a common carrier, it has been held that he is required to exercise a degree of care consistent with the nature of the business in which he is engaged, even though there is no contract for hire or where the passenger is carried gratuitously. Under such conditions a duty rests in the common carrier to convey the passenger safely. *Todd* v. *Old Colony & Fall River Railroad*, 3 Allen, 18, 20, 21. *Wilton* v. *Middlesex Railroad*, 107 Mass. 108. *Beckwith* v. *Cheshire Railroad*, 143 Mass. 68. *Littlejohn* v. *Fitchburg Railroad*, 148 Mass. 478, 484. *Austin* v. *Great Western Railway*, L. R. 2 Q. B. 442. See *Black* v. *New York, New Haven & Hartford Railroad*, 193 Mass. 448, 449.

It follows that there was no error in the instructions given or in the refusal to give the instructions asked for.

*Judgment to be entered on the verdict.*