EVELYN GUINEVAN *vs.* CHECKER TAXI COMPANY.

Suffolk. December 5, 1933. — January 29, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Carrier,* Of passengers. *Passenger. Negligence,* Taxicab, Contributory.

A corporation operating a taxicab in the city of Boston and transporting a passenger for hire was *held,* on the evidence, to be a common carrier of passengers for hire and to be obligated to use the greatest care for the passenger's safety consistent with the proper transaction of the business of the corporation.

At the trial of an action of tort by a woman against a corporation operating taxicabs, for personal injuries alleged to have resulted from negligence of the driver of a cab in which the plaintiff was a passenger, there was evidence that the plaintiff boarded the cab when it was so placed with reference to the curb that she stepped directly into the cab, not using nor observing the running board; that the cab had been on the streets about three hours at that time; that there had been snow, rain and sleet, with a temperature below the freezing point; that at the beginning and the termination of the plaintiff's journey, which lasted ten minutes, there was upon the right running board of the cab a frozen, hard and uneven accumulation of ice or snow; that, although no other motor vehicles occupied the space on the street next the curb at the plaintiff's destination, the driver stopped the cab five feet away from the sidewalk in such a way that it tilted toward the right; that the driver, having collected the plaintiff's fare, motioned for her to get out on the right side and said, "all right," but did not leave his seat; and that the plaintiff, although she took hold of the door to steady herself, slipped on the accumulation of snow or ice on the running board and was injured. *Held,* that

  (1) A finding that the driver was negligent was warranted;

  (2) It could not rightly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

On the record of the trial above described, testimony by the plaintiff on cross-examination, that as she was about to leave the cab she expected the running board would be slippery, properly might be found to refer only to slipperiness which was the natural result of existing weather conditions and not to slipperiness caused by such accumulation of snow or ice; there was nothing in the record which required a finding that the plaintiff knew or reasonably should have known of the existence of such accumulation.

TORT. Writ dated December 26, 1928.

In the Superior Court, the action was tried before *J. J. Burns*, J. Material evidence is described in the opinion. There was a verdict, recorded subject to leave reserved, for the plaintiff in the sum of $1,500, and the judge reported the action for determination by this court.

*G. Bolton*, for the defendant.

*L. A. Ford*, (*J. C. Birmingham* with him,) for the plaintiff.

DONAHUE, J. The plaintiff with another woman, at about nine o'clock on a January evening, became a passenger for hire in a taxicab owned by the defendant and operated by one of its employees. Upon arriving at the plaintiff's destination ten minutes afterwards, although no other motor vehicles occupied the space on the street next the curb, the driver stopped the taxicab five feet away from the sidewalk. The grade of the street in that vicinity sloped away from the center of the highway toward the curb, the slope being more pronounced near the curb, and the taxicab when stopped was "tilted" and had "a 'decided slant' towards the right." The plaintiff, while still in the taxicab, paid the fare to the driver who thereupon, while remaining in his seat, motioned toward the right hand door and said "all right," and the plaintiff, following her companion, proceeded to alight. She took hold of the door to steady herself and had both feet on the running board when they slipped from under her and she fell, receiving injury.

The driver had been out on the streets with the taxicab more than three hours at the time of the accident. Soon after he left the garage it began to snow. The storm then ceased for a while and then rain and sleet began to fall. The temperature was below the freezing point and the streets were generally slippery. The driver testified that he had not observed the condition of the running board from the time the plaintiff entered the taxicab until she left it, when he saw there some snow and sleet, and that the running board probably was damp and had upon it a little film of snow but no great accumulation. There was, however, other testimony which described the running board as hav-

ing a coating of snow and ice which looked like lumpy or
frozen snow with the accumulation thickest in the center
and sloping outward to the edge of the running board, and
also testimony that it was covered with hard, frozen, un-
even and lumpy ice.

The trial before a jury in the Superior Court resulted in
a verdict for the plaintiff and the trial judge, having re-
served leave to enter a contrary verdict, has reported the
case with the stipulation that if the evidence warranted
the submission of the case to the jury judgment should
be entered for the plaintiff on the verdict with interest
thereon from the date of the verdict, and that otherwise
judgment is to be entered for the defendant.

There was evidence that the defendant maintained pub-
lic taxi stands in various parts of the city of Boston where
it received passengers for transportation for hire and that
it maintained such a stand at the place where the plain-
tiff, at the direction of the defendant's starter, entered the
taxicab on the evening in question. On all the evidence
the finding was warranted that the defendant in transport-
ing the plaintiff and her companion was a common carrier
of passengers for hire. *Rea* v. *Checker Taxi Co.* 272 Mass.
510, 511. For collection of cases see 45 Am. L. R. 297, 300;
69 Am. L. R. 980, 992. See *Haddad* v. *Griffin*, 247 Mass.
369, 371; *Dion* v. *Drapeau*, 254 Mass. 186, 188. The de-
fendant, having entered into that relationship with the
plaintiff, was obligated to use the greatest care for the
plaintiff's safety consistent with the proper transaction of
the business of the defendant. *Magee* v. *New York, New
Haven & Hartford Railroad*, 195 Mass. 111, 112. *Fitzgerald*
v. *Boston Elevated Railway*, 274 Mass. 287, 289. *Wilson*
v. *Colonial Air Transport, Inc.* 278 Mass. 420. See also
*Hinds* v. *Steere*, 209 Mass. 442, 444.

Viewing the evidence in its aspects most favorable to the
plaintiff, the finding was warranted that the driver did not
use the care which the law required for the protection of a
passenger of a common carrier. There was direct evidence
that the running board was in the same condition at the
end, as it was at the beginning, of the ten-minute period

during which the plaintiff was a passenger. The accumulation of ice or snow was not evenly distributed over the surface of the running board — it was uneven, frozen hard, and thicker at the center than at the outer edge toward which it sloped. The inference was warranted that the accumulation was not the result merely of snow or rain or sleet falling on the running board and there freezing, but through some other cause came to be there in the form and condition described by witnesses. The character of the accumulation was such as to warrant the finding that it had been on the running board long enough for the driver to have known of its presence and to have taken some steps to prevent it causing injury to a passenger. *Hartford* v. *Boston Elevated Railway*, 280 Mass. 288. *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235. *Rosen* v. *Boston*, 187 Mass. 245. *Gilman* v. *Boston & Maine Railroad*, 168 Mass. 454. The facts were materially different in the case of *Labrie* v. *Donham*, 243 Mass. 584, on which the defendant relies. Although the driver unnecessarily stopped the taxicab in a tilted position out in the street so that the plaintiff could not avoid stepping on the running board in alighting, he did nothing to protect her from the danger arising from the accumulation of snow or ice and even gave her an assurance of safety. The finding that he was negligent was warranted.

The ruling could not rightly have been made that as matter of law the defendant had sustained the burden of proving contributory negligence on the part of the plaintiff. When she and her companion boarded the taxicab it was so placed with reference to the curb that there was only a normal, easy step from the sidewalk to the floor of the vehicle; neither stepped on the running board when entering and the plaintiff did not then observe its condition. The defendant assumes in argument that the attention of the plaintiff as she was about to alight was called to the condition of the step by her companion, but the record indicates, and the jury were warranted in finding, that incident to have taken place after the accident and when the plaintiff had been put back in the taxicab. Tes-

timony of the plaintiff on cross-examination that as she was about to leave the cab she expected the running board would be slippery could, from the cross-examination immediately preceding, be found by the jury to refer only to slipperiness which was the natural result of existing weather conditions and not to slipperiness caused by the accumulation of frozen snow or ice hitherto described. There is nothing in the record which required the jury to find that the plaintiff knew or reasonably should have known of the existence of such accumulation. It cannot be said that the jury did not have on the evidence warrant for concluding that the precautions for her safety taken by the plaintiff on leaving the taxicab were adequate for such conditions there existing as should reasonably have been known and appreciated by her.

The case was rightly submitted to the jury and pursuant to the stipulation judgment must be entered for the plaintiff on the verdict with interest thereon from its date.

*So ordered.*