### The Short Line, Inc. *vs.* John M. Quinn.

Worcester.    April 8, 1937. — September 20, 1937.

Present: Rugg, C.J., Field, Donahue, Lummus, & Qua, JJ.

*Carrier*, Of passengers. *Motor Vehicle*, Carriage of passengers for consideration. *Statute*, Construction. *Words*, "Common carriers."

Although c. 159A of G. L. (Ter. Ed.) is entitled "Common Carriers of Passengers by Motor Vehicle," its history shows that its provisions apply, not only to common carriers at common law, but also to any transporter by motor vehicle of "passengers for hire as a business between fixed and regular termini."

A common carrier of passengers by motor vehicle who had complied with the provisions of c. 159A of G. L. (Ter. Ed.), properly was given relief by injunction against one who, to the injury of the plaintiff, for compensation paid by a manufacturer, transported employees to and from work over the route used by the plaintiff, and who had not procured the license required by § 1 nor the certificate of public convenience required by § 7 of said c. 159A.

Constitutionality of G. L. (Ter. Ed.) c. 159A was not raised.

Bill in equity, filed in the Superior Court on July 7, 1936.

The final decree described in the opinion was entered by order of *Burns*, J.

The case was submitted on briefs.

*A. E. Maykel*, for the defendant.

*F. P. Ryan & S. Perman*, for the plaintiff.

Lummus, J.   The plaintiff is a Rhode Island corporation operating as a common carrier for hire a line of motor omnibuses between Worcester and West Warren through the towns of Leicester and Spencer. It has complied with all the provisions of G. L. (Ter. Ed.) c. 159A and of c. 159B, the latter of which was inserted by St. 1934, c. 264.

A shoe manufacturing corporation in Spencer, having about twenty employees who lived in Worcester, contracted with the defendant to transport them daily in his motor omnibus from Worcester to Spencer and return. The defendant has been transporting them under his contract ever since April 15, 1935. He receives and leaves passengers at five points in Worcester. His route is substantially that of the plaintiff between Worcester and Spencer. The defendant is paid nine dollars a day by the shoe manufacturing corporation, and the ride costs the employees nothing. None except employees are carried. The defendant has not obtained any certificate of public convenience under G. L. (Ter. Ed.) c. 159A, § 7, nor any license from local authorities under § 1; but he has a permit under § 8 and a license under § 9, issued by the department of public utilities.

The facts appeared in a master's report which was confirmed. The final decree enjoined the defendant "from operating any motor vehicle between the town of Spencer and the city of Worcester for the transportation of passengers for hire unless and until the said defendant has complied with the provisions of" G. L. (Ter. Ed.) c. 159A. The defendant appealed.

Doubtless at common law the defendant was not a common carrier of passengers. *Houle* v. *Lewonis*, 245 Mass. 254. *Haddad* v. *Griffin*, 247 Mass. 369. *Dion* v. *Drapeau*, 254 Mass. 186, 188. *Commonwealth* v. *Boston & Maine Transportation Co.* 282 Mass. 345, 349. *Guinevan* v. *Checker Taxi Co.* 289 Mass. 295. See also *Goodman* v. *New York, New Haven & Hartford Railroad*, 295 Mass. 330, 334. He contends that the title of G. L. (Ter. Ed.) c. 159A indicates that its requirements apply only to "Common Carriers of Passengers by Motor Vehicle," and not to private carriers of passengers.

But the history of the statute shows that the words "common carriers" in the title do not mean merely common carriers of passengers at common law. The earliest act was St. 1916, c. 293, which said nothing about common carriers, but regulated "the transportation of passengers for hire as a business between fixed and regular termini by means of any motor vehicle." St. 1918, c. 226, § 2, provided for the regulation of "every person, firm or corporation . . . operating any such motor vehicle upon any public street or way for the carriage of passengers for hire in such a manner as to afford a means of transportation similar to that afforded by a street railway, by indiscriminately receiving and discharging passengers along the route on which the vehicle is operated or may be running." St. 1919, c. 371, § 1, enacted at an extra session, combined the two clauses just quoted from earlier statutes, required a local license for doing the acts stated in either clause, and provided that any person or corporation receiving or operating under such a license "is hereby declared to be a common carrier." In these respects the statutory provisions have not changed since. The later statutes have borne titles referring to "Common Carriers of Passengers." G. L. (1921) c. 159, § 45. St. 1925, c. 280, § 1. St. 1926, c. 392, § 1. St. 1931, c. 408, inserting G. L. (Ter. Ed.) c. 159A, §§ 1, 10. St. 1933, c. 372, § 1. St. 1934, c. 264, § 5. In the light of this history, the title of the chapter cannot be deemed to limit or qualify its text.

The acts of the defendant constitute the operation of a motor vehicle upon a public way in a "city or town . . . for transporting passengers for hire as a business between fixed and regular termini," prohibited by G. L. (Ter. Ed.) c. 159A, § 1, unless the conditions imposed by that chapter are satisfied. It is unimportant that the hire is paid by one not a passenger. *Dion* v. *Drapeau,* 254 Mass. 186. The defendant has not qualified himself under that chapter, and is violating the statute to the injury of the plaintiff. *New York, New Haven & Hartford Railroad* v. *Deister,* 253 Mass. 178.

The validity of the statute upon which the bill and the

decree are founded has not been challenged. *Attorney General* v. *Pelletier*, 240 Mass. 264, 298. *Dodge* v. *Cornelius*, 168 N. Y. 242, 244, 245. *Rindge* v. *Holbrook*, 111 Conn. 72. Compare *Whiteside* v. *Merchants National Bank of Boston*, 284 Mass. 165, 169, where a jurisdictional question was involved, *Vermilye* v. *Western Union Telegraph Co.* 207 Mass. 401, 405, 406, where the question was raised by a request, and *Commonwealth* v. *Hana*, 195 Mass. 262, which was a criminal prosecution under an invalid statute. We have considered every question argued.

*Decree affirmed with costs.*