Henchey, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries and property damage arising out of an accident on the Newburyport Turnpike in Newbury, Massachusetts, while the defendant’s truck was in the act of towing an automobile which belonged to the plaintiff and in which she was riding with one Joseph Needleman.
The defendant’s answer was a general denial and a plea of contributory negligence.
*136 At the proper time the defendant filed certain requests for rulings.
The case was reported by the trial judge after the defendant claimed to have been aggrieved by the Court’s disposition of certain of his requests for rulings and by the Court’s finding for the plaintiffs in both cases. The report contains all the evidence material to the questions reported.
The Court filed the following written memorandum of his findings of fact:
“In this case I find that the plaintiff was in the exercise of due care. I find further that the plaintiff was not a passenger of the defendant. I find further that there was no contract between the plaintiff and the defendant for the towing of the plaintiff’s car on said Newburyport Turnpike but that defendant volunteered to tow the same and assumed voluntarily the duty of assisting the plaintiff. That the defendant was not negligent in the attaching of chains to the plaintiff’s, car. That the defendant was not grossly negligent. That the defendant undertook to perform a gratuitous service to the plaintiff and was duty bound to exercise ordinary care in the performance of said service. I find that the defendant failed to use due and ordinary care in the towing of said car and was negligent and that defendant’s negligence was the sole cause of plaintiff’s damage.”
Upon this report it becomes necessary to deal only with the Court’s refusal to grant the defendant’s request No. 3 which was as follows: “In order to recover in this action the plaintiff must establish that the defendant was grossly negligent.” The defendant has waived all the other requests.
We believe the trial judge was in error in refusing to grant this request. The report of the trial judge sets out, at some length,, the evidence upon which his findings are based.
*137 Because of the view We have taken, it is not necessary that we review this evidence. Granting that the findings of the trial judge' were warranted, (and such findings of fact are conclusive if there is any evidence to support them, Commercial Credit Co. v. McDonough Co., 238 Mass. 73), we cannot agree that one is bound to use only ordinary care in the performance of a gratuitous service.
In the well known and often-cited case of Massaletti v. Fitzroy, 228 Mass. 487, our Supreme Judicial Court held that a plaintiff could not recover where he was injured by reason of the negligence of the defendant’s chauffeur, while riding as a guest in the defendant’s car. After a careful review of the’ English and American decisions and an analysis of previous cases in our own Commonwealth, the Court stated, at page 508, that “the measure of liability of one who undertakes to carry gratis is the same as that of one who undertakes to help gratis.”
The reasoning behind the decision in Massaletti v. Fitzroy, 228 Mass. 487, is adequately stated at page 510, in these words:
“Justice requires that the one who undertakes to perform a duty gratuitously should not be under the same measure of obligation as one who enters upon the same undertaking for pay. There is an inherent difficulty in stating, the difference between the measure of duty which is assumed in the two cases. But justice requires that to make out liability in case of a gratuitous undertaking the plaintiff ought to prove a materially greater degree of. negligence than he has to prove where the defendant is to be paid for doing the same thing. ”
The rule laid down in Massaletti v. Fitzroy, 228 Mass. 487, has always been followed in this Commonwealth, Cf. Cook v. Cole, 273 Mass. 557; Balian v. Ogassin, 277 Mass. 525; Lefeave v. Ascher, 1935 A. S. 2361; Ruel v. Langelier, *138 1938 A. S. 77. Our Courts have not confined this rule .to cases involving guests injured while riding in motor vehicles. It was held in Comeau v. Comeau, 285 Mass. 578, that a social guest may not recover damages for injuries caused by ordinary negligence of the host in the care of the home. The Court said that the decision in Massaletti v. Fitzroy, 228 Mass. 487, governs in such a case. See also Martin v. Rich, 288 Mass. 437.
We see no reason why the rule as stated by the Court in Massaletti v. Fitzroy, 228 Mass. 487, should not be followed in the instant case. This being so, the finding must be for the defendant, for in its findings the Court stated, “That the defendant undertook to perform a gratuitous service to the plaintiff” and “That the defendant was not grossly negligent.” The Court was in error in ruling that the defendant “was duly bound to exercise ordinary care in the performance of said service.” It is interesting to note that in the case of Ruel v. Langelier, 1938 A. S. 77, the Court, following the decision in Massaletti v. Fitzroy, stated that it was not important whether the plaintiff, a guest, was in the defendant’s automobile or outside it, but rather that the degree of the defendant’s duty depends upon whether the act of the defendant, claimed to be negligent, was an act performed in the course of carrying out the gratuitous undertaking which the defendant assumed.
Nor is the case of Black v. New York, New Haven and Hartford Railroad Co., 193 Mass. 448, relied upon by the plaintiff, helpful here. The principle there established was that where the plaintiff’s negligence or wrongdoing places him in a dangerous situation which is beyond his immediate control and the defendant, knowing the dangerous situation and having opportunity, by using- reasonable care, to avoid injury, nevertheless causes an injury, he is liable. This rule of law has been closely confined. Cf. Dion v. Drapeau, *139 254 Mass. 186 at 189. There is no indication that it should be held to govern this case.
The finding for the plaintiff is to be vacated and a finding entered for the defendant.