LILLIAN BLOOM & another *vs.* TOWN TAXI, INC. & another.

Suffolk. February 5, 1957. — May 10, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Practice, Civil,* Argument to jury. *Taxicab. Carrier,* Taxicab. *Negligence,* Taxicab.

At the trial of an action by a passenger in a taxicab against the taxicab company for personal injuries sustained in a collision between the taxicab and another automobile at an intersection, there was reversible error in excluding from the argument of the plaintiff's counsel to the jury a certain contention as to the distance the operator of the taxicab should have been able to see down the intersecting street, and in ruling that the plaintiff's counsel in argument must "confine himself solely to the evidence" and could not argue the degree of care owed by the defendant as a common carrier to the plaintiff as a passenger. [80]

The presence of the name and telephone number of a taxicab company on a taxicab and the word "vacant" prominently displayed on its top justified an inference that the company was holding itself out as a common carrier. [80]

TORT. Writ in the Municipal Court of the City of Boston dated June 20, 1955.

Upon removal to the Superior Court the action was tried before *Dowd, J.*

*Marvin H. Siegel,* for the plaintiffs.

*Bernard A. Marvin,* (*John H. F. Calver* with him,) for the defendants.

WILLIAMS, J.   This is an action of tort in which the two plaintiffs under separate counts seek to recover for personal injuries suffered by them on May 28, 1955, when a taxicab of the defendant Town Taxi, Inc., in which they were paying passengers was in collision with a sedan owned by one Tina Mortali and operated by one Frederick Mortali.   Albion Packard, the driver of the taxicab, is joined as a defendant. There were verdicts for the defendants.   The plaintiffs excepted to rulings made in the course of the trial.

The collision occurred at the intersection of East Mountain Avenue and School Street in Revere.   The taxicab entered the intersection from the west and the sedan from the south. From the brief recital of evidence in the bill of exceptions it appears that a principal issue was the extent to which the views of the respective operators as they approached the intersection were obstructed by a building on the southwest corner of the streets which was built to the sidewalk line. There was evidence that the driver of the taxicab stopped at a stop sign before entering the intersection, at which point he could see at an angle thirty-five to forty feet up School Street to his right.   There was also evidence that the stop sign could be seen by a driver coming down School Street from a distance of one hundred fifty feet up the street.

In his final argument counsel for the plaintiffs stated that if the witness who had testified as to the view from School Street could see the sign from that distance up the street then one stopping at the sign "should have been able to look up School Street for at least one hundred fifty feet." On objection by the defendants the judge excluded this last statement from the argument.   Later in argument counsel started to say "The Town Taxi is a common carrier, and it has a higher degree of care toward its passengers . . ."; when he was interrupted by the judge who "excluded this line of argument, stating that counsel should confine himself solely to the evidence."   In each instance the plaintiff; excepted to the ruling of the judge.

The exceptions must be sustained. In our opinion counsel was unduly restricted in his argument. It was not unreasonable to contend, although it did not necessarily follow, that a person stopped at the sign could see up School Street to the same point from which one coming down School Street could see the sign. Nor was it improper to state as counsel apparently started to do that as a common carrier the defendant owed to its passengers a higher degree of care than it owed to persons who were not passengers. There was evidence from which it was reasonable to infer that in transporting the plaintiffs the defendant Town Taxi, Inc., was acting as a common carrier. Photographs in evidence showing the word "Town" with the word "vacant" prominently displayed on a sign placed on top of the cab, and the words "Town Taxi" with a telephone number on the side of the cab indicated that the company was advertising itself in this capacity. See *Hinds* v. *Steere,* 209 Mass. 442, 444; *Haddad* v. *Griffin,* 247 Mass. 369, 371; *Dion* v. *Drapeau,* 254 Mass. 186, 188; *Rea* v. *Checker Taxi Co.* 272 Mass. 510, 511; *Guinevan* v. *Checker Taxi Co.* 289 Mass. 295, 297; *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 68; *First National Stores Inc.* v. *H. P. Welch Co.* 316 Mass. 147, 149.

The rule that a jury are bound to take their law from the court does not prohibit counsel from pointing out to the jury the applicability of principles of law to the facts which they may find. *Commonwealth* v. *Porter,* 10 Met. 263. *Commonwealth* v. *Hill,* 145 Mass. 305, 309. See *Commonwealth* v. *Anderson,* 245 Mass. 177, 186–187; Thompson on Trials (2d ed.) § 951. The ruling of the judge was in terms which would naturally be understood by counsel to mean that he could not argue the law as applied to the evidence and in our opinion impaired the right of the plaintiffs to have their cases fully presented to the jury. As there must be a new trial other exceptions to rulings which show no reversible error require no discussion.

*Exceptions sustained.*